George R. CADMAN, et al, Plaintiffs,

v.

Richard M. BOND, et al., Defendants.

Civ. A. No. 84–3122–C.

United States District Court,
D. Massachusetts.

March 13, 1985.

T. David Houghton, Hyannis, Mass., for plaintiffs.

Harvey Weiner, Peabody & Arnold, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil diversity action in which plaintiffs George R. and Bobbie Jo Cadman make allegations for breach of contract, breach of fiduciary duty and fraud against defendants Richard M. and Carol B. Bond. The transaction in question involved the sale of a 46 foot Cal 2–46 ketch-rigged sailboat ("ketch") to the defendants, the consideration for which included a "purchase-money mortgage" on the ketch and a beneficial interest in a 40 foot custom cutter ("cutter") owned by the defendants. Although the complaint alleges that the plaintiffs are residents of Massachusetts and the defendants are residents of Florida, all parties were physically present in Florida when the contract was entered into. Both yachts were and remain in Florida waters.

On October 11, 1984 plaintiffs moved for a preliminary injunction prohibiting the defendants from removing, conveying, encumbering, or causing to be encumbered either yacht without the plaintiffs' prior consent. Subsequently, the defendants

filed their motion to dismiss for lack of *in personam* jurisdiction. Fed.R.Civ.P. 12(b)(2).

The motion for preliminary injunction was heard on January 16, 1985, at which time it became apparent that there was a substantial question regarding the Court's jurisdiction over the defendants. Consequently, the matter was taken under advisement to allow the parties to file memoranda of law on the defendants' motion to dismiss. Both motions are presently before the Court.

The plaintiffs base their request for injunctive relief on two premises: (1) that the security interest in the ketch is unperfected and unperfectible because it is not in proper form, and (2) the contract establishes a trust under which the defendants hold the cutter as trustees for the plaintiffs and with certain fiduciary responsibilities. The plaintiffs argue that injunctive relief is necessary because the defendants have no other assets and the plaintiffs will be unable to satisfy a judgment if the yachts are removed, conveyed, or encumbered, thereby suffering irreparable harm.

Before addressing the merits of plaintiffs' claim for preliminary relief, it is necessary to resolve the jurisdictional issue. The Massachusetts long-arm statute, M.G.L. c. 223A § 3, defines the jurisdiction of this Court over a nonresident in a diversity action. *Hahn v. Vermont Law School,* 698 F.2d 48, 49 (1st Cir.1983). The relevant portion of the statute provides:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or

derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

\* \* \* \* \* \*

To assist the Court in its determination of the issue, both parties have submitted affidavits. Defendant Richard Bond's affidavit states that the contract was signed in Florida, that defendants were residents of Florida, and that the plaintiffs were also residents of Florida at the time but subsequently moved to Massachusetts. The plaintiffs' affidavits do not contradict this, but merely recite a series of "transactions" between the Cadmans in Massachusetts and the Bonds in Florida. These "transactions" consist of a series of letters and telephone conversations relating to the performance of, and modifications to, the contract. I note that all of the Bond's requests for modification of the contract, which originated in Florida and were received in Massachusetts, were denied. There were two purported modifications by the plaintiffs, but these were proposed in Massachusetts and received in Florida. Other "transactions" consist of interest payments received by the plaintiffs in Massachusetts and a phone call to Mr. Cadman in which Mr. Bond threatened to sue. The plaintiffs argue that these "transactions" constitute "transacting business within the commonwealth" within the contemplation of c. 223A § 3(a), and satisfy the constitutional requirement of "minimum contacts." *See International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The Massachusetts Supreme Judicial Court examined the application of § 3(a) in the case of *Droukas v. Divers Training Academy Inc.,* 375 Mass. 149, 153, 376 N.E.2d 548 (1978). In that case, the nonresident defendant placed an advertisement in a publication distributed in Massachusetts, received a telephone call from Massachusetts in regard to the purchase of goods, sent correspondence into Massachusetts confirming the sale, and shipped merchandise into the state "collect." The Supreme Judicial Court held that these con-

tacts "were insufficient to afford jurisdiction under .§ 3(a) because the transaction was an isolated one, and with slight effect on the commerce of the commonwealth," and "void of any purposeful intent on the part of the defendant to avail himself of the privilege of conducting activities within [Massachusetts]." *Id.* at 154, 376 N.E.2d 548.

 Where, as in the present case, the defendants' communications with the plaintiffs were transmitted into Massachusetts only because the plaintiffs chose to move here after signing the contract, the case for *in personam* jurisdiction is considerably weaker. Certainly, it cannot be said that the Bonds have purposefully availed themselves of the privilege of transacting business in the Commonwealth by merely forwarding interest payments to the plaintiffs here. As to the alleged trust obligations, it is clear as a matter of constitutional limitation that the mere presence of a trust beneficiary and settlor in the forum state does not provide jurisdiction over the trustee of an out-of-state trust. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

 The contract modifications proposed by the Bonds are similarly insufficient to provide a basis for jurisdiction. To begin with, none of the modifications proposed in Florida and received in Massachusetts ever became a part of the agreement. Therefore, it is impossible for the cause of action to have arisen out of these contacts as required by the statute. *Mas Marques v. Digital Equipment Corp.,* 637 F.2d 24 (1st Cir.1980). Moreover, even if the modifications had been adopted in Massachusetts, this alone would not indicate that the Bonds were "transacting business" within the contemplation of the statute and to the extent required by constitutional concerns. Contract law technicalities such as the location of an acceptance are tempered by constitutional fairness concerns. *Vencedor Manufacturing Co. v. Gougler Industries, Inc.,* 557 F.2d 886, 890 (1st Cir.1977). Once again, I note that the Bonds were forced to correspond with the Cadmans in Massachu-

setts regarding pre-existing contractual obligations because of the plaintiffs fortuitous move into the commonwealth. In consideration of this fact, it would be manifestly unfair to hale the Bonds into Court in Massachusetts.

I rule, therefore, that this Court lacks *in personam* jurisdiction over the defendants because their contacts with Massachusetts are insufficient to satisfy statutory and constitutional requirements. It follows that this action should be transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404 as jointly moved for by both parties in their motion filed March 5, 1985.

Order accordingly.