JEAN BRAINERD *et al.*, Plaintiffs-Appellants, v. DANIEL BALISH *et al.*, Defendants-Appellees.

First District (5th Division) No. 86—2784

Opinion filed December 11, 1987.

Kenneth I. Markham, of Kemerer & Markham, of Chicago, for appellants.

Michael D. Freeborn and Diane M. Pezanoski, both of Freeborn & Peters, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Jean and Andrew Brainerd, appeal from the orders of the circuit court of Cook County dismissing their complaint based on a theory of fraud against defendants, Daniel and Carolyn Balish, for lack of *in personam* jurisdiction and the court's denial of their motion for reconsideration. For the reasons set forth below, we affirm.

On December 12, 1985, plaintiffs filed their complaint against defendants, who are domiciled in the State of Florida and residents of the State of Pennsylvania. In their complaint, plaintiffs charged defendants with making promises in three telephone conversations to pay a portion of expenses for the recarpeting of a common hallway in a co-operative apartment building located at 860 North Lake Shore Drive in Chicago. Plaintiffs initially contacted defendants based on a listing agreement signed by defendants for the sale of an apartment owned by Joseph and Betty Springer and located on the same floor as plaintiffs' apartment. Defendant Carolyn Balish is the sister of Betty Springer and defendants were acting on behalf of the Springers, who were in Ecuador at the time.

Defendants were served with summons in Pennsylvania. They filed a special and limited appearance and a motion to quash the purported service. In a subsequent affidavit filed by defendant Daniel Balish, he stated that he told plaintiffs he thought the Springers would be willing to share the expense of recarpeting the hallway but only if each of the other tenants on the floor agreed to pay an equivalent share, and that two tenants later refused to share the cost. Defendant further stated that at no time did he "explicitly authorize

or encourage" plaintiffs to proceed with the renovation, knowing that the cost thereof would amount to approximately $1,500. On August 4, 1986, the trial court granted defendants' motion to quash service of the summons and dismissed the cause for lack of *in personam* jurisdiction. The court also denied plaintiffs' subsequent motion for reconsideration.

■ On appeal, plaintiffs assert that the trial court's orders were in error based upon the Illinois long-arm statute, which confers *in personam* jurisdiction over nonresident parties in certain situations. (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.) The statute provides, in pertinent part, as follows:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

(3) The ownership, use, or possession of any real estate situated in this State; ***."[1] (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.)

Our supreme court has held that whether an Illinois court has acquired jurisdiction under the statute depends on whether the defendant engaged in one of the jurisdictional acts enumerated in the statute and whether the exercise of long-arm jurisdiction is consistent with due process safeguards. (*Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 427 N.E.2d 1203.) If jurisdiction is not found under any of the enumerated acts of the statute, it is unnecessary to determine if jurisdiction is constitutionally permissible under

---

[1] With respect to this act, plaintiffs raised the issue of actual ownership of the subject apartment for the first time during oral argument; the issue was not raised in the trial court or briefed by plaintiffs in this court. It is well settled that an issue not raised in the trial court if it could have been raised is waived for purposes of review (*People ex rel. White v. Busenhart* (1963), 29 Ill. 2d 156, 193 N.E.2d 850), a contention neither advanced nor argued in appellant's brief is deemed waived (*People v. Mackins* (1974), 17 Ill. App. 3d 24, 308 N.E.2d 92), and where an issue is neither abstracted nor briefed on appeal but raised for the first time during oral argument in a reviewing court, the issue cannot be considered (*People v. Allen* (1972), 7 Ill. App. 3d 875, 289 N.E.2d 21). Additionally, Supreme Court Rule 341(e)(7) specifically states that "[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." (107 Ill. 2d R. 341(e)(7).) Accordingly, we do not consider this issue.

the due process clause. *R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 489 N.E.2d 1360.

■■■ Here, plaintiffs first argue that defendants' representation on behalf of the Springers in effecting the sale of the subject apartment, based on their affixing their names to the exclusive listing agreement and mailing the agreement back into the State, as well as their telephone calls to the real estate broker and their conversations with plaintiffs, constituted transacting business in Illinois. To constitute "transaction of any business" (see Ill. Rev. Stat. 1985, ch. 110, par. 2—209(1)), and thus bring a nonresident party within the jurisdiction of Illinois courts, a defendant must voluntarily seek the benefits and protections of the laws of this State. (*Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131.) The unilateral acts of a plaintiff cannot serve to satisfy jurisdictional requirements and, where a transaction is initiated by a plaintiff, courts will not, without more, assert jurisdiction over a nonresident defendant. *Woodfield Ford*, 77 Ill. App. 3d 343, 395 N.E.2d 1131.

■ In the present case, defendants, in performing in an albeit agency capacity, did not seek the benefits and protections of the laws of Illinois; they did not own the subject apartment and, therefore, were not the sellers, and they appear not to have been enriched by the sale of the apartment. Additionally, we note that plaintiffs initiated the telephonic contact between themselves and defendants pertaining to a matter other than the sale of the Springers' apartment (*i.e.*, recarpeting of the common hallway in the apartment building) and this unilateral act, standing alone, could not satisfy jurisdictional requirements. See *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131 (absent any other connection to Illinois, the exchange of mail or telephone calls between a plaintiff in Illinois and a nonresident defendant is insufficient to support the assertion of personal jurisdiction).

■ Plaintiffs further argue that their cause of action "arose" from defendants' transaction of business in Illinois and, therefore, long-arm jurisdiction is appropriate. For the record, we note that plaintiffs need not have made this argument because where a defendant is found to be doing business in Illinois, long-arm jurisdiction is proper even when a cause of action does not "arise" from the defendant's transaction of business in this State. (*Hertz Corp. v. Taylor* (1959), 15 Ill. 2d 552, 155 N.E.2d 610.) We nonetheless, however, briefly comment upon plaintiffs' argument on this point. Clearly, plaintiffs' cause of action for alleged fraud does not "arise from" defendants' alleged transaction of business; the plaintiffs' action for

fraudulent misrepresentation concerning renovation of the hallway is only remotely connected to the sale of the Springers' apartment. Moreover, plaintiffs' allegation that defendants were motivated to assume a portion of the expenses for renovation of the hallway in anticipation of increasing the saleability of the Springers' apartment is, we believe, without merit since we fail to see how such a small improvement ($1,550) would greatly affect the saleability of an apartment already selling at $120,000. Additionally, the sale of the apartment, a transaction to which defendants were not even parties and which would have occurred regardless of any conversations between plaintiffs and defendants concerning the renovation of the hallway, can hardly be said to "lie in the wake of" alleged telephone "promises" made by defendants to plaintiffs, and, therefore, plaintiffs' alleged cause of action is not one "arising from" any business transaction by defendants in Illinois.

■ Plaintiffs next contend that defendants were guilty of the tort of fraud (see Ill. Rev. Stat. 1985, ch. 110, par. 2—209(2)), i.e., defendants made misrepresentations that were made as a part of a continuing scheme to defraud based on their alleged promises in three telephone conversations that they would pay a portion of the expenses to improve the hallway. More specifically, plaintiffs contend that defendants intended to affect an Illinois interest (i.e., to have repairs made to the hallway and that this "tortious activity occurred in Illinois *** when the appellants detrimentally relied upon appellees['] promise to reimburse them for their share of the expenses and undertook to commence and complete the renovations to the hallway").

In alleging a cause of action for fraud, a plaintiff must assert "(1) that the defendant made a statement, (2) of a material nature as opposed to opinion, (3) untrue, (4) known by the person making it to be untrue, *** or made in culpable ignorance of its truth or falsity, (5) relied upon by the victim to his detriment, (6) made for the purpose of inducing reliance, and (7) such that the victim's reliance led to his injury." (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 883, 489 N.E.2d 311, quoting *Gordon v. Dolin* (1982), 105 Ill. App. 3d 319, 324, 434 N.E.2d 341.) We believe that in the instant case, plaintiffs had no right to rely on any alleged promises made by defendants with respect to renovation of the hallway. Although defendants had the authority to enter into negotiations with respect to the sale of the Springers' apartment, there was no reason for plaintiffs to assume defendants had the additional authority to act with respect to matters other than the sale of the apartment; here, renovation of the hallway. For this reason, therefore, it is clear that any alleged promises by

defendants of future action pertaining to the renovation of the hallway were a matter of opinion, rather than a material misrepresentation necessary to prove a fraudulent scheme. See *Donnelly v. Washington National Insurance Co.* (1985), 136 Ill. App. 3d 78, 482 N.E.2d 424.

■ We also must reject plaintiffs' third argument that long-arm jurisdiction exists based on the alleged "fraudulent statement [of defendants] relating to 'ownership' of the real estate, as well as repairs to the real estate." Although the listing agreement indicated defendants as the "owners" of the property, the record indicates that plaintiffs were aware that the Springers owned the subject apartment and that defendants were acting on behalf of them while the Springers were out of the country. There thus could be no fraudulent statement as to ownership, use or possession of the real estate as intended by the language of section 2—209(3) of the statute. Ill. Rev. Stat. 1985, ch. 110, par. 2—209(3).

In light of our findings that defendants did not perform any of the acts enumerated in our long-arm statute, it is unnecessary to determine whether jurisdiction would be constitutionally permissible under the due process clause.

For the foregoing reasons, therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.