PETER E. KONICKI, Plaintiff-Appellant and Cross-Appellee, v. RAY WIRTA *et al.*, Defendants-Appellees and Cross-Appellants.

Second District   No. 2—87—0565

Opinion filed April 25, 1988.—Rehearing denied June 1, 1988.

John P. Ridge, of Lockport, for appellant.

David G. Mountcastle, of Mountcastle & DaRosa, of Wheaton (Lloyd E. Dyer, Jr., of counsel), for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Peter E. Konicki, holder of a note for $10,875, brought suit in the circuit court of Du Page County to recover the unpaid balance, interest, costs, and attorney fees against the drawers, defendants Ray Wirta and Lucy Wirta, California residents. Following the denial of defendants' special and limited appearance and motion objecting to the jurisdiction of the court over their persons, the circuit court granted summary judgment for plaintiff on the complaint and on a counterclaim by defendants and, subsequently, awarded plaintiff $17,928.08 in principal, interest, liquidated damages, and filing fees, but denied other costs and attorney fees incurred by plaintiff.

In his appeal, plaintiff contends that the trial court abused its discretion in denying attorney fees which defendants were obligated to pay under the terms of the note and in failing to award attorney fees as a sanction for defendants' repeated and willful failure to comply with court orders regarding discovery. Defendants' cross-appeal raises the following issues: that the trial court erred in denying their motion to dismiss for lack of personal jurisdiction; that the trial court erred in denying their motion to dismiss based on a provision of the California Code of Civil Procedure; that the trial court erred in granting summary judgment against them on their counterclaim based on usury; and that the trial court erred in granting summary judgment to plaintiff on his complaint because questions of material fact exist.

The common law record, consisting of pleadings, interrogatories,

motions and responses, memoranda of the parties, documents, orders, and other materials, is over 1,000 pages. We, therefore, summarize only the matters pertinent to resolving the appeals. Defendants are residents of California and were the purchasers of a condominium in Pacific Palisades, California, owned by John P. Ridge and Kathleen P. Konicki, husband and wife. The contract for sale of the condominium was executed in California on August 15, 1980, and closed in California on October 3, 1980. The purchase price was $217,500. Shortly after the contract was signed, Ridge and Konicki moved from California to Illinois. The closing was handled in California by their agents, the Barrington Escrow Company. Before moving to Illinois, Ridge and Konicki entered negotiations with defendants to lend defendants approximately $10,750, following the closing, to be used to decorate the condominium. In Konicki's deposition, she stated that the loan would make defendants want to go through with the purchase of the condominium.

On September 29, 1980, one of the defendants, Lucy Wirta, signed a note for $10,875 in California and mailed it to Ridge and Konicki in Illinois. The note was not accepted because Ray Wirta's signature was not on it. Konicki, a lawyer, also made changes to the note and sent it to Barrington Escrow, where an agent retyped the note, after some additional changes and correspondence between the escrow agent, defendants, and Konicki. The note for $10,875, which is the subject of this lawsuit, was signed by defendants on October 3, 1980, in Los Angeles, California, and mailed to Konicki and Ridge in Illinois. The money was paid to defendants by Konicki and Ridge's agent in California on October 24, 1980. The note was secured by a deed of trust on the condominium executed by defendants on October 3, 1980, which was a second mortgage on the property. Pursuant to the note, defendants were to make monthly interest payments of $108.75 per month until October 3, 1983, when the entire amount was due. The note was assigned to Konicki's father, the plaintiff, on October 3, 1980. Defendants made all payments until July 1983, after which they made no additional payments. Defendants also defaulted on their first mortgage to another party and, following foreclosure proceedings, the condominium was sold on November 9, 1983, for less than the value of the first mortgage. Plaintiff commenced this suit on April 23, 1985.

Defendants filed a special and limited appearance and motion to dismiss objecting to the jurisdiction of the circuit court of Du Page County over their persons pursuant to section 2—301 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—301).

The objection was supported by the affidavits of both defendants which stated, *inter alia,* that they were residents of California, that all negotiations of the terms of the note were conducted in California, that the note was signed and delivered in California, and that the deed of trust securing the note was executed in California. Plaintiff responded by filing the affidavit of Kathleen Konicki which stated, in pertinent part, that she drafted the note in Illinois, that the terms of the note were bargained for in Illinois, that the note provided that performance would be in Illinois, that she was a resident of Illinois, that while in Illinois she received numerous telephone calls and mailings from defendant to negotiate and solicit a loan, and that she disagreed with defendants' statements that all the negotiations of the terms of the note took place in California. Defendants' motion to dismiss objecting to jurisdiction was denied. Several additional motions to dismiss based on jurisdiction made during the proceedings below were also denied.

In our view, because the lack of *in personam* jurisdiction over defendants is the dispositive issue, we need not detail further the proceedings below as they relate to the other issues.

Defendants contest jurisdiction over their persons, contending that they are California residents and that they are not subject to jurisdiction in Illinois under the provisions of the long-arm statute (Ill. Rev. Stat. 1985, ch. 110, par. 2—209). The burden of proving a valid basis for the assertion of jurisdiction over a nonresident defendant rests with the party seeking to impose jurisdiction. (*R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 310, 489 N.E.2d 1360.) We, therefore, address plaintiff's contentions in support of jurisdiction.

Initially, we examine plaintiff's argument that because defendants answered the complaint, filed a counterclaim, and otherwise challenged the merits of the proceeding against them after the trial court denied their objection to jurisdiction raised in their special and limited appearance and motion, they have made a general appearance thereby waiving any objection to jurisdiction and submitting themselves to personal jurisdiction. This argument is meritless. Section 2—301 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—301) provides, in subsection (c), as follows:

> "(c) If the court sustains the objection, an appropriate order shall be entered. Error in ruling against the defendant on the objection is waived by the defendant's taking part in further proceedings in the case, unless the objection is on the ground that the defendant is not amenable to process issued by a court

of this State." (Ill. Rev. Stat. 1985, ch. 110, par. 2—301(c).)
Where, as here, the special and limited appearance was made to contest personal jurisdiction, the defense is not waived by the subsequent participation in the proceedings following denial of the objection to jurisdiction. *In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 347, 458 N.E.2d 559; *Donlon v. Miller* (1976), 42 Ill. App. 3d 64, 70, 355 N.E.2d 195; Ill. Ann. Stat., ch. 110, par. 2—301, Historical and Practice Notes, at 294 (Smith-Hurd 1983).

■ Plaintiff next maintains that, because the note provided that defendants would pay "at any place designated by them or either of them or a holder hereof," the law of Illinois governs as that is where the contract is to be performed. Defendants cite *George v. Haas* (1924), 311 Ill. 382, 143 N.E. 54, in support of this argument. This contention misses the mark.

The *George* case was concerned with whether an Illinois court would apply Illinois law or the law of a foreign jurisdiction in determining the enforcement of a note. (*George*, 311 Ill. at 385-86, 143 N.E. at 55.) The separate question of jurisdiction over the defendant was not at issue in *George*. This distinct question was raised by defendants below in their memorandum in support of their motion to dismiss and objection to jurisdiction in their limited and special appearance and in their appellate brief.

■ Plaintiff has failed to respond to, or address in his brief, defendants' citation of authority and argument concerning the lack of personal jurisdiction in Illinois and the inapplicability of the Illinois long-arm statute (Ill. Rev. Stat. 1985, ch. 110, par. 2—209) to subject them to the jurisdiction of the Illinois courts under the facts present here. Points not argued in an appellee's brief are waived. (107 Ill. 2d Rules 341(e)(7), (f); see *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389, 401, 515 N.E.2d 1222.) This is especially relevant here where plaintiff, who seeks to impose jurisdiction in Illinois, has the burden of proving a valid basis for the assertion of jurisdiction over nonresident defendants. (See *R. W. Sawant & Co.*, 111 Ill. 2d at 310, 489 N.E.2d at 1363.) Nevertheless, the waiver doctrine is an admonition to the parties, not a limitation on the courts (*Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 211, 443 N.E.2d 563), and we choose to address the issue as the trial court record is adequate to consider this issue.

■ Where jurisdiction is alleged under the long-arm statute (Ill. Rev. Stat. 1985, ch. 110, par. 2—209), the first step is to determine if jurisdiction is proper under that statute. If jurisdiction is found to be proper under the long-arm statute, then we reach the second step,

which is to determine if jurisdiction is permissible under the due process clause. (*R. W. Sawant & Co.*, 111 Ill. 2d at 311, 489 N.E.2d at 1364.) If jurisdiction is not found to be proper under the long-arm statute, there is no need to determine whether jurisdiction is constitutionally permissible. *R. W. Sawant & Co.*, 111 Ill. 2d at 311, 489 N.E.2d at 1364.

Section 2—209 of the Code of Civil Procedure provides, in pertinent part, as follows:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this State;

* * *

(c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section."

Ill. Rev. Stat. 1983, ch. 110, par. 2—209.

To constitute the "transaction of any business" within this State and, thus, bring a nonresident within the jurisdiction of Illinois courts, a defendant must voluntarily seek the benefits and protections of the laws of this State. (*Brainerd v. Balish* (1987), 164 Ill. App. 3d 836, 840, 518 N.E.2d 317; *Gordon v. Tow* (1986), 148 Ill. App. 3d 275, 280, 498 N.E.2d 718.) Section 2—209(a)(1) requires, essentially, that a plaintiff's claim lie in the wake of the commercial activities by which defendant allegedly submitted to the jurisdiction of the Illinois courts. (*Financial Management Services, Inc. v. Sibilsky & Sibilsky, Inc.* (1985), 130 Ill. App. 3d 826, 833, 474 N.E.2d 1297.) Only the acts of a defendant can be considered in determining whether business was transacted in Illinois. (*Gordon*, 148 Ill. App. 3d at 280, 498 N.E.2d at 722.) The determination of whether a defendant sufficiently transacted business in Illinois so as to avail himself of the benefits of Illinois law requires consideration of several factors, such as who initiated the transaction, where the contract was entered into, and where the performance of the contract was to take place. *Gordon*, 148 Ill. App. 3d at 280-81, 498 N.E.2d at 722.

In the case at bar, defendants reside in California and they purchased the condominium located in California from Ridge and Konicki who were, then, living in California. The negotiations for the loan to defendants began while Ridge and Konicki were still in Cali-

fornia. Further, the loan was an inducement for defendants to go through with the purchase of the condominium. The initial note and the final draft of the note, typed by Konicki's agent, were prepared in California, the note bears a California address, the note was signed by defendants in California, the note was secured by the California condominium, and the funds in exchange for the note were in California.

All that happened in Illinois were exchanges of telephone calls and some correspondence between defendants and Konicki concerning the final terms of drafting of the note. It has been held that the exchange of telephone calls and correspondence is not enough to support jurisdiction. (*Gordon*, 148 Ill. App. 3d at 281, 498 N.E.2d at 722; *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 349, 395 N.E.2d 1131; *Maurice Sternberg, Inc. v. James* (N.D. Ill. 1984), 577 F. Supp. 882, 885.) Moreover, the fact that the note provided for payment "at any place designated" by the holder of the note is not an indication that defendants engaged in commercial activity in Illinois, as the holder of the note could have demanded payment to be made wherever he resided. We observe further that several of the conclusionary statements made in Konicki's affidavit to support jurisdiction in Illinois are inconsistent with later statements in her deposition.

The facts here are insufficient to demonstrate that defendants voluntarily sought the benefits and protections of the laws of this State. Rather, it appears from the record that defendants would fully expect that, as the negotiations for the note began in California, the note was executed by them in California, and the note was interrelated to the California condominium property, the laws of California would apply. We conclude that defendants' contacts with the State of Illinois are insufficient to support jurisdiction under the long-arm statute.

Accordingly, the circuit court of Du Page County erred in denying defendants' motion to dismiss pursuant to section 2—301, and the subsequent judgment for plaintiff must be vacated.

Vacated.

NASH and INGLIS, JJ., concur.