**NORTHWESTERN SAVINGS & LOAN ASSOCIATION, Plaintiff,**

v.

**HOME OWNERS FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant.**

No. 88 C 8703.

United States District Court, N.D. Illinois, E.D.

Jan. 31, 1989.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

 Plaintiff Northwestern Savings & Loan Association brought a diversity action seeking a declaratory judgment. Defendant Home Owners Federal Savings &

Loan Association has moved to dismiss for lack of personal jurisdiction. Both parties have submitted affidavits and other documents in support of their positions. The burden of proof is upon plaintiff to show there is proper jurisdiction, but, on the present motion, all factual disputes are resolved in favor of plaintiff. *Nelson v. Park Industries, Inc.*, 717 F.2d 1120, 1123 (7th Cir.1983), *cert. denied*, 465 U.S. 1024, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1984). Applying this standard, the facts are as follows.

Northwestern is a state chartered savings and loan association with its principal place of business in Chicago, Illinois. Home Owners is a federally chartered savings and loan association with its principal place of business in Boston, Massachusetts. Home Owners is not registered to conduct business in Illinois, does not have an office in Illinois, and does not own any property in Illinois. Home Owners pools and sells participations in residential mortgages. In 1986, Home Owners entered into four participation and servicing agreements with Merrill Lynch Mortgage Capital, Inc. The agreements were negotiated in Massachusetts and New York and were executed and issued from Home Owners' Boston office. None of the mortgage pools contain a mortgage negotiated, executed, serviced, or relating to property located in Illinois. In 1987, Merrill Lynch assigned its rights in the participation agreements to Northwestern. Under the agreements, those rights were freely transferable without Home Owners' consent. Pursuant to the agreements, Home Owners issued new certificates to Northwestern reflecting the transfers. Knutson Mortgage Company, Inc., a wholly owned subsidiary of Home Owners, administers the agreements. Pursuant to account letter agreements, escrow account letter agreements, and certificate account letter agreements, Knutson acts as the "Company" under the participation and servicing agreements. Knutson sends monthly payments and reports and other correspondence to Northwestern in Illinois. Although a wholly owned subsidiary, Knutson is an entity distinct from Home Owners. Knutson files its own tax returns, has its own management, and has its own financing. The present dispute concerns whether plaintiff can initiate a program to promote prepayments by mortgagors in the participation programs.

 This court has jurisdiction over defendant only if an Illinois court would have such jurisdiction. *Jacobs/Kahan & Co. v. Marsh*, 740 F.2d 587, 589 (7th Cir. 1984). In addition, the exercise of such jurisdiction must be consistent with constitutional due process. *Id.* Plaintiff claims that, under Illinois law, there is long-arm jurisdiction over defendant because plaintiff's claim arises from the transaction of business within Illinois. *See* Ill.Rev.Stat. ch. 110, ¶ 2–209(a)(1).

Plaintiff argues its claim arises from the transaction of business in Illinois because defendant sent the new certificates to plaintiff in Illinois and because Knutson[1] sends payments, reports, and other correspondence to plaintiff in Illinois. That activity, however, does not constitute transacting business within Illinois. In determining if certain conduct constitutes transacting business, several factors are to be considered including who initiated the transaction, where the contract was entered into, and where performance of the contract takes place. *Konicki v. Wirta*, 169 Ill.App.3d 21, 119 Ill.Dec. 692, 523 N.E.2d 160, 164, *leave to appeal denied*, 122 Ill.2d 576, 125 Ill.Dec. 219, 530 N.E.2d 247 (1988). In *Konicki*, plaintiff Konicki sold his California condominium to defendant Wirta.[2] The contract was negotiated, executed, and closed in California. After the contract was signed, but before the deal was consummated, plaintiff moved to

---

1. Although Knutson appears to be a separate and independent subsidiary, the actions of which are not automatically those of its parent, Knutson also appears to have been acting as Home Owners' agent, the actions of which are attributable to the principal. *See* C.A. Wright & A. Miller, *Federal Practice & Procedure* § 1069 at 363–66 (2d ed. 1987).

2. The facts of *Konicki* are here simplified to omit mention of an assignment to plaintiff and to omit mention of joint parties.

Illinois. Before moving, negotiations began for a post-closing loan to defendant to decorate the condominium. After plaintiff's move, some further negotiation of the loan was conducted by mail and phone. The note was typed in California and signed there by defendant, but mailed to plaintiff and signed by plaintiff in Illinois. The note was secured by a second mortgage on the condominium. Payments on the note were sent to plaintiff in Illinois. Defendant defaulted on the note and the first mortgage on the condominium. All the proceeds from the foreclosure sale went to the first mortgagee. Plaintiff then brought an action in Illinois to collect on the note. The Illinois Appellate Court held that the correspondence, telephone calls, and payments to plaintiff in Illinois did not constitute the transaction of business in Illinois. *Id. See also Gordon v. Tow,* 148 Ill.App.3d 275, 101 Ill.Dec. 394, 498 N.E.2d 718 (1986) (unsolicited purchase of share of Rhode Island limited partnership in which negotiations were by mail and telephone calls to buyer in Illinois did not constitute transaction of business in Illinois); *Woodfield Ford, Inc. v. Akins Ford Corp.,* 77 Ill.App.3d 343, 32 Ill.Dec. 750, 395 N.E.2d 1131 (1979) (unsolicited purchase of automobiles by Illinois resident involved telephone and mail negotiations with buyer in Illinois, but delivery of vehicles was to buyer's agent in Georgia; such activity not transaction of business in Illinois); *Cadman v. Bond,* 603 F.Supp. 1335 (D.Mass. 1985) (contract negotiated, executed, and performed in Florida but correspondence and telephone calls about contract modifications were between Massachusetts and Florida and interest payments were sent to Massachusetts; held not to be transacting business in Massachusetts under Mass. Gen.L. ch. 223A, § 3(a)).

■ The contracts underlying the present case were negotiated and executed outside Illinois. All the property relevant to the contracts is outside Illinois and contract performance occurs outside Illinois. The acts of defendant, which are the acts to focus on, *Gordon,* 101 Ill.Dec. at 398, 498 N.E.2d at 722, all occurred outside Illinois. Also, defendant did not solicit, or even negotiate, a contract with plaintiff who is in Illinois; defendant's contact with plaintiff was brought about by the assignment to plaintiff, an act defendant had no control over. Consistent with the above cited cases, the communications and payments to plaintiff do not constitute transacting business within Illinois. Therefore, this court lacks jurisdiction over defendant because there is no proper jurisdiction under Illinois's long-arm statute. It is unnecessary to consider the constitutional dimension of personal jurisdiction.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of personal jurisdiction is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action without prejudice for lack of personal jurisdiction.