JENNIFER McGOWEN, a Minor, by her Mother and Next Friend, Anita McGowen, Plaintiff-Appellee, v. WOODSMALL BENEFIT SERVICES, INC., Defendant-Appellant.

Fifth District   No. 5—88—0361

Opinion filed April 23, 1990.

Steven M. Aroestry, of Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, of Edwardsville, for appellant.

Burkart Law Offices, of Hamel, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:
Defendant, Woodsmall Benefit Services, Inc., filed this interlocu-

tory appeal in response to findings of the circuit court of Madison County that defendant is subject to suit in Illinois. The main issue before this court is whether defendant can be sued in Illinois. This court affirms.

The facts are not disputed. Anita McGowen, the mother and next friend of plaintiff, Jennifer McGowen, a minor, filed this action. In plaintiff's complaint, she alleged that defendant committed acts of deceptive business practices under the Illinois Consumer Fraud and Deceptive Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261). Defendant, a Missouri corporation, is registered under the State of Illinois Department of Insurance Regulations as a third-party administrator. Defendant is not registered as an out-of-State corporation.

Plaintiff also alleged that defendant supplied health insurance coverage to Richard Reynolds which covered his then wife and plaintiff stepdaughter McGowen. The insureds are residents of the State of Illinois, and defendant has a home office in Kansas City, Missouri. The policy provided coverage for dental expenses. In September 1986, plaintiff began orthodontic treatment. Prior to the start of treatment, plaintiff received confirmation of coverage from defendant. After plaintiff began treatment, she mailed the bill for services to defendant. Defendant paid for part of the services but refused further payment.

On October 21, 1987, a summons was served on defendant at its Kansas City, Missouri, office. On November 13, 1987, defendant filed its special and limited appearance "for the sole purpose of contesting the jurisdiction of this court over defendant." On December 11, 1987, defendant filed a special appearance to object to jurisdiction. The trial court denied defendant's special appearance and found that it has jurisdiction over defendant. From this order, defendant appeals.

The issue before this court is whether an unregistered foreign corporation which provides health insurance coverage to residents of the State of Illinois is subject to suit in Illinois.

■■ ■ In the leading case of *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559, the United States Supreme Court addressed the issue whether New York corporate defendants were subject to the jurisdiction of the Oklahoma courts. The Court discussed in detail the due process clause of the fourteenth amendment regarding the limits of the State courts to obtain valid personal jurisdiction over a nonresident defendant. (U.S. Const., amend. XIV.) The Court reaffirmed the established rule that "a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the

defendant and the forum State." (444 U.S. at 291, 62 L. Ed. 2d at 498, 100 S. Ct. at 564.) The reason for the rule is to protect the non-resident defendant from the burden of litigating in a distant or an inconvenient forum. The rule also ensures "that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." (444 U.S. at 292, 62 L. Ed. 2d at 498, 100 S. Ct. at 564.) Those minimum contacts must be reasonable and not offend traditional notions of fair play and substantial justice. However, the court stated that the limits of the due process clause have been relaxed to meet the "transformation in the American economy." (444 U.S. at 293, 62 L. Ed. 2d at 498, 100 S. Ct. at 565.) At that point, foreseeability is critical to the analysis to the extent "that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." 444 U.S. at 297, 62 L. Ed. 2d at 501, 100 S. Ct. at 567.

■■ Following *Volkswagen*, the Illinois General Assembly enacted section 2—209 of the long-arm statute. (Ill. Rev. Stat. 1987, ch. 110, par. 2—209.) Section 2—209 provides in part:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;
* * *

(b) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.
* * *

(d) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section."

■■ ■ Recent opinions have analyzed section 2—209 in light of the transacting business criteria. (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(a)(1).) In *Gordon v. Tow* (1986), 148 Ill. App. 3d 275, 498 N.E.2d 718, the court detailed the purposes and procedure for section 2—209. The court stated:

"While even a single transaction may suffice for jurisdiction, that transaction must: '(1) give rise to the cause of action and (2) be one by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State and voluntarily invokes the benefits and protections of the State's laws.' *Conroy v. Andeck Resources, Ltd.* (1986), 137 Ill. App. 3d 375, 388-89, 484 N.E.2d 525, 536." (148 Ill. App. 3d at 280, 498 N.E.2d at 721.)

In deciding whether the nonresident defendant's acts amount to transacting business, the court held that the "ultimate test is the substance of the act rather than the quantity." (148 Ill. App. 3d at 280, 498 N.E.2d at 721.) The "acts" to be considered are those of the nonresident defendant.

"The determination of whether defendant sufficiently transacted business in Illinois so as to avail himself of the benefits of Illinois law requires consideration of several factors: who initiated the transaction [citation]; where the contract was entered into [citation]; and where the performance of the contract was to take place [citation]. While none of these factors has been held to be controlling, each of them has been held to be significant. [Citation.]" 148 Ill. App. 3d at 280-81, 498 N.E.2d at 722.

▪ In this case, defendant is not a foreign corporation doing business in Illinois and is not an insurance company. However, in order for defendant to adjust or settle claims from Illinois residents covered by its health insurance plan, it must register with the Department of Insurance in order to act as a third-party administrator. (Ill. Rev. Stat. 1987, ch. 73, pars. 1065.58—100 through 1065.58—113 (article XXXI¼ of the Illinois Insurance Code) (hereinafter referred to as the Third-Party Administrators Act).) Pursuant to the Third-Party Administrators Act, defendant must abide by the Illinois Insurance Code. Ill. Rev. Stat. 1987, ch. 73, par. 613 *et seq.*

By the act of registering with the Department of Insurance, defendant has initiated the transaction of business in Illinois and has acknowledged that it will be administering and processing health insurance claims made by Illinois residents. After registering, the eventual health insurance contract between plaintiff and defendant was made in Illinois through the employer of plaintiff's stepfather. Plaintiff would not have had direct contact to make the contract with defendant because the health insurance plan was offered through the employer of plaintiff's stepfather. Since defendant offered its services in Illinois to Illinois residents, it is unlikely the contract was entered into everywhere else but in Illinois.

We note, parenthetically, that the date of this contract was May 1, 1986, a few months before article XXXI¼ of the Illinois Insurance Code, the Third-Party Administrators Act, became effective on July 1, 1986. As the contract in question preceded this amendment to the statute, the amendment does not directly decide the question before us. We note, however, its provisions. Sections 511.100 through 511.113 of the Illinois Insurance Code, *i.e.,* Third-Party Administrators Act (Ill. Rev. Stat. 1987, ch. 73, pars. 1065.58—100 through 1065.58—113), require the registration of third-party administrators, impose bond requirements upon them, clearly establish various standards to be met in the administrator's operations and delineate the authority of the Director of Insurance to enforce those standards and other requirements of the amendment. In our view, the legislative intent evidenced by article XXXI¼ makes explicit the regulatory scheme and the Director's power to enforce it that was implicit prior to the enactment of this article and is based upon the very same acts of defendant that plaintiff rightly claims subjected defendant to the jurisdiction of Illinois' courts. We additionally note that similar requirements were in force and effect at the time of this contract concerning third-party administrators' activities in regard to prescriptions: article XXXI½, the Third-Party Prescription Program Act (Ill. Rev. Stat. 1987, ch. 73, pars. 1065.59—1 through 1065.59—10).

■ The last fact to be considered is where the performance of the contract was to take place. Although defendant did not receive the premiums, the premiums were nonetheless paid in Illinois by plaintiff's stepfather. Plaintiff's orthodontic treatment was performed in Illinois by an Illinois orthodontist. Furthermore, defendant made a partial payment on services rendered in Illinois. This court finds that defendant has sufficiently transacted business in this State so as to avail itself of the benefits of the laws of this State.

Defendant argues that since most of the contacts were by mail and telephone, these are insufficient contacts within the minimum contacts doctrine, citing *World-Wide Volkswagen* and *Konicki v. Wirta* (1988), 169 Ill. App. 3d 21, 523 N.E.2d 160. However, defendant overlooks the type of relationship between the parties. After defendant has registered and received the contract to administer and process health insurance claims from plaintiff, the relationship becomes one based on mail and telephone contacts.

Although in *Konicki* the contacts consisted largely of telephone calls and mailings, the parties there were negotiating a loan. The *Konicki* court found that the trial court lacked personal jurisdiction over the defendants since the facts did not reveal that "defendants

voluntarily sought the benefits and protections of the laws" of Illinois. 169 Ill. App. 3d at 27, 523 N.E.2d at 164.

In this case defendant did voluntarily seek the benefits and protections of the laws of this State when it registered as a third-party administrator with the Department of Insurance. Although the relationship involved mail and telephone contacts, defendant cannot deny that it understood the ramifications of its actions when it applied for a license to administer and process health insurance claims from Illinois residents. This finding does not offend traditional notions of fair play and substantial justice because the findings recognize the transformation of the American economy and defendant could reasonably anticipate being haled into court here. Thus, this court finds that the trial court did not err when it found that it did have personal jurisdiction over defendant.

For the foregoing reasons, the order of the circuit court of Madison County is affirmed.

Affirmed.

WELCH and RARICK, JJ., concur.