AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellant, v. CROWTHER, INC., Defendant-Appellee (Paul Benigni, Defendant).— AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellant, v. CROWTHER, INC., Defendant-Appellee (Tom Clark, Defendant).—AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellant, v. CROWTHER, INC., Defendant-Appellee (Craig Nixon, Defendant).

Third District   Nos. 3—91—0196 through 3—91—0198 cons.

Opinion filed November 5, 1991.

Sweeney & Riman, of Chicago (Georgene M. Wilson, of counsel), for appellant.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Roger D. Rickmon, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Plaintiff, Aetna Casualty & Surety Company (Aetna), appeals from an order of the circuit court which quashed the service of summons on defendant, Crowther, Inc. (Crowther), for lack of personal jurisdiction. The issue presented is whether Crowther, a nonresident defendant, transacted business in this State so as to come within the reach of the State's long arm jurisdiction. We conclude that the provisions of the long arm statute were met in this case. Therefore, we reverse the order of the circuit court.

In 1979, Crowther and Aetna entered into contracts for workers' compensation and general liability insurance coverage for Crowther's roofing business. The terms of the workers' compensation policy limited coverage to injuries and claims made under the workers' compensation laws of Florida. Crowther is a Florida corporation and is not registered as a foreign corporation in Illinois.

In 1980, Lee Crowther, president of Crowther, contacted defendants Paul Benigni, Tom Clark, and Craig Dixon in Illinois and offered them summer employment with Crowther in Florida. Benigni and Clark were contacted by telephone; the offer of employment to Dixon was relayed by his father. Lee Crowther arranged for Benigni and Clark to drive to Florida from Illinois in an automobile registered to Crowther. Dixon was instructed to travel by airplane and seek reimbursement from Crowther.

On June 9, 1980, Benigni, Clark, and Dixon were injured in Florida during the course of their employment for Crowther. The three

filed claims for workers' compensation benefits in Illinois. Crowther demanded coverage from Aetna for the Illinois claims. On June 1, 1990, Aetna filed a declaratory judgment action in the circuit court of Will County to determine Aetna's liability to Crowther.

Service of process was made upon Crowther's registered agent in Florida. Crowther filed a special and limited appearance and moved to quash the service of summons on the ground that Crowther had not transacted any business in Illinois within the meaning of Illinois' long arm statute. (Ill. Rev. Stat. 1989, ch. 110, par. 2—209.) The court agreed and entered an order quashing service. Aetna appeals.

We find instructive the Illinois Appellate Court's analysis of personal jurisdiction in *Ideal Insurance Agency, Inc. v. Shipyard Marine, Inc.* (1991), 213 Ill. App. 3d 675, 678, 572 N.E.2d 353, 355:

"The issue before this court is whether the State of Illinois can properly exercise jurisdiction over the nonresident defendant. This issue involves three similar but distinct analyses which can easily be confused and combined. The first is whether a nonresident defendant was 'doing business' in this State so as to maintain a presence subjecting it to *in personam* jurisdiction for all matters. The second analysis is, alternatively, where a defendant is not doing business in this State generally, whether it has sufficiently transacted a business act in this State to come within the 'long-arm' jurisdiction. Third, whether the defendant has created certain minimum contacts with this State such that due process of law would not be violated in compelling it to litigate the controversy in this State."

■ The Illinois Supreme Court recently clarified the Illinois jurisdictional analysis. (*Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 565 N.E.2d 1302.) In *Rollins*, the court stated that the question of whether it is fair to subject a nonresident defendant to Illinois jurisdiction cannot be determined solely by looking at the express terms of the long arm statute or the Federal due process standard. Rather, Illinois courts must consider whether "it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." 141 Ill. 2d at 275, 565 N.E.2d at 1316.

The first prong of the *Ideal Insurance* analysis is not at issue in the present case since jurisdiction was not alleged on the basis that Crowther was doing business in this State such that it maintained a presence here. Crowther denied that it maintained an office or em-

ployees in Illinois, and Aetna admitted that Crowther conducted its business in Fort Meyers, Florida.

■■ ■ Aetna does aver, however, that jurisdiction is proper under Illinois' long arm statute, which provides:

> "(a) Any person *** who *** does any of the acts hereinafter enumerated[ ] thereby submits such person *** to the jurisdiction of the courts of this State as to any cause of action *arising from* the doing of any such acts:
>
> (1) The transaction of any business within this State;
> * * *
>
> (c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section."

(Emphasis added.) Ill. Rev. Stat. 1983, ch. 110, par. 2—209.

To constitute the "transaction of any business" within this State, a defendant must voluntarily seek the benefits and protections of the laws of this State. (*Konicki v. Wirta* (1988), 169 Ill. App. 3d 21, 26, 523 N.E.2d 160, 164.)

> "The purpose of the phrase 'arising from' is to insure that there is a close relationship between a cause of action against a nonresident defendant and his jurisdictional activities. The minimum relationship required by the phrase is that the plaintiff's action 'be one which lies in the wake of the commercial activities by which the defendant submitted to the jurisdiction of Illinois courts.' [Citation.]" *Volkswagen Insurance Co. v. Whittington* (1978), 58 Ill. App. 3d 621, 624, 374 N.E.2d 954, 957.

The determination of whether a defendant sufficiently transacted business in Illinois so as to avail itself of the benefits of Illinois law requires consideration of several factors, including who initiated the transaction, where the contract was entered into, and where the performance of the contract was to take place. (*Gordon v. Tow* (1986), 148 Ill. App. 3d 275, 280-81, 498 N.E.2d 718, 722.) The record clearly shows that Crowther initiated the employment transaction, including the arrangement of transportation from Illinois for Benigni, Clark, and Dixon. We also find that the individual employment contracts were formed in Illinois. Although performance of the contracts was to occur in Florida, we note that none of the *Gordon* factors is controlling, and that Illinois cases provide little guidance in balancing these factors. *Ideal Insurance Agency*, 213 Ill. App. 3d at 680-81, 572 N.E.2d at 357.

The burden on the party asserting jurisdiction under the long arm statute is to make a *prima facie* showing that jurisdiction exists un-

der the statute; on review, the appellate court must determine whether plaintiff met its burden of proof. (*Boatmen's Bank v. Adams* (1989), 191 Ill. App. 3d 176, 185, 547 N.E.2d 742, 747-48.) We conclude that Crowther is amenable to the jurisdiction of Illinois courts under the long arm statute because the declaratory action arose from the transaction of business in Illinois. We find a close relationship between Aetna's declaratory action and Crowther's jurisdictional activities. Also, the present action is derivative of the Illinois workers' compensation proceedings. Accordingly, we find that Aetna has met its burden of proof.

Next, we consider whether the exercise of jurisdiction was constitutionally permissible under the due process clause of the fourteenth amendment (U.S. Const., amend. XIV). The Federal guarantee of due process requires that a nonresident defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' [Citations.]" (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) These standards of Federal due process delineate " 'the outer limits beyond which a State may not go to acquire jurisdiction over nonresidents.' [Citation.]" *Rollins*, 141 Ill. 2d at 271, 565 N.E.2d at 1314.

Applying the Federal due process standard, as refined by *Rollins*, we conclude that it is fair, just, and reasonable for the Illinois courts to assert personal jurisdiction over Crowther. It is not unreasonable for the employment contracts secured by Crowther to have arisen into claims for workers' compensation benefits and, hence, an expectation of defending Aetna's action for a declaration on its policy of insurance. We further find that Crowther's contacts with Illinois satisfy the minimum contacts needed so as not to offend traditional notions of fair play and substantial justice. Therefore, we reverse the order of the circuit court which quashed the service of summons on Crowther.

Reversed.

STOUDER, P.J., and SLATER, J., concur.