**MICHAEL J. NEUMAN & ASSOCIATES, LIMITED and Michael J. Neuman, Plaintiffs–Appellants,**

v.

**FLORABELLE FLOWERS, INCORPORATED and S. Joel Schur, Defendants–Appellees.**

No. 93–2240.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 4, 1994.

Decided Feb. 4, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 21, 1994.

Gregory B. Beggs (argued), Lee, Mann, Smith, McWilliams & Sweeney, Sidney Neuman, Chicago, IL, for plaintiffs-appellants.

Joseph F. Spitzzeri (argued), Abbey F. Romanek, Cole, Grasso, Fencl & Skinner, Chicago, IL, for defendants-appellees.

Before FAIRCHILD, MANION, and KANNE, Circuit Judges.

FAIRCHILD, Circuit Judge.

In June 1992, plaintiffs-appellants commenced this action in the United States District Court for the Northern District of Illinois, Eastern Division. Defendant-appellee Florabelle Flowers, Inc. ("Florabelle") is a corporation organized under the laws of New York, with its principal place of business in New Jersey. Defendant-appellee S. Joel Schur ("Schur"), the president of Florabelle, was a resident of Florida when this action was commenced.[1] Both the Neuman and Florabelle businesses sell items such as artificial Christmas trees, wreaths, and floral arrangements. The complaint alleges that plaintiffs and defendants have been in business competition since 1985 or 1986. The complaint, alleging malicious abuse of process, seeks damages relating to a lawsuit commenced by Florabelle in another jurisdiction which named the present plaintiffs as defendants. Defendants filed a motion to dismiss for lack of personal jurisdiction, which the district court granted. We reverse.

## I. BACKGROUND

Florabelle has no affiliates, subsidiaries, offices, agents, employees, or property in Illinois; nor does it advertise in Illinois. Sept. 21, 1992 Schur Aff. ¶¶ 5, 6. Florabelle does, however, have an "independent sales representative," Helen Skurzewski, who resides in Cedarburg, Wisconsin. Sept. 23, 1992 Skurzewski Aff. ¶¶ 1, 2; Schur Aff. ¶ 7. Skurzewski's sales territory for Florabelle (technically, for Florabelle's S. Berger Import and Manufacturing Division) covers Illinois, Wisconsin, Minnesota and Iowa. Dec. 4, 1992 Skurzewski Dep. at 8.[2] She is the exclusive representative for Florabelle in Illinois. *Id.* at 40.

Skurzewski's general routine involves making sales calls,[3] showing customers samples and other sales materials, and writing orders. *Id.* at 9. She usually writes up an order in the customer's presence, and gives the customer a copy. *Id.* at 10. She then retains one copy, and sends two copies to New Jersey, where the order is filled. Customers are billed by and pay Florabelle. *Id.* at 11. Skurzewski calls the head office in New Jersey daily. *Id.* at 26–27.

Skurzewski has customers in Illinois. *Id.* at 14. Skurzewski states that she "periodically make[s] telephone solicitations into Illinois from my Wisconsin office which result in my coming to Illinois on business approximately once every six to eight weeks." Skurzewski Aff. ¶ 4. Because Illinois was in the middle of her territory, Skurzewski would contact Illinois customers while passing through the state on her way to another part of her territory. Skurzewski Dep. at 20–21. This practice has continued since she began in May 1988. *Id.* at 21.

Skurzewski apparently is employed only by Florabelle. *See id.* at 3. She began working for the company in May 1988. *Id.* She receives weekly pay checks as a "draw" against her commission. *Id.* at 23–24.[4] Skurzewski's commission has never exceeded her draw. *Id.* at 24–25. Berger does not withhold federal taxes or withdraw social security from Skurzewski's weekly pay, and does not provide her with health or life insurance. *Id.* at 40–41.

The record reflects Florabelle sales to one Illinois company of $27,000 in 1987 and $47,376 in 1988. Ex. B to Dec. 23, 1992 Neuman

1. Jurisdiction is founded on diversity. Illinois law controls all substantive issues.

2. Skurzewski testified that her territory initially covered Illinois, Wisconsin, Minnesota, Iowa and Missouri, and at some point Missouri was removed, and Indiana, Michigan and Ohio were added. Skurzewski Dep. at 7–8. We do not know how long her current territory has been in effect.

3. Skurzewski makes appointments for sales calls by phoning from Wisconsin or while on the road, or by customers directly contacting her. Skurzewski Dep. at 9, 19.

4. Skurzewski's earnings statements that are in the record indicate that she was paid at an hourly rate for forty hours a week. Pl.'s Ex. 4 to Jan. 6, 1993 Br. However, when asked where the numbers in the "Hours" column (40.00) and in the "Rate" column (12.50) come from, Skurzewski answered that she did not know. Skurzewski Dep. at 23.

Aff.[5] Florabelle's projected national sales for 1992 were $4,000,000. Schur Aff. ¶ 4. As of July 21, 1992, Florabelle's Illinois sales for that year totaled approximately $10,000 to $15,000. *Id.;* Skurzewski Aff. ¶ 5. 1992 was not a good year for Berger. Skurzewski Dep. at 16.

## II. DISCUSSION

██ A federal district court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois courts would have personal jurisdiction. *Dehmlow v. Austin Fireworks,* 963 F.2d 941 (7th Cir.1992). Plaintiffs bear the burden of establishing a prima facie case for personal jurisdiction. *R.W. Sawant & Co. v. Allied Programs Corp.,* 111 Ill.2d 304, 95 Ill.Dec. 496, 499, 489 N.E.2d 1360, 1363 (1986); *Excel Energy Co., Inc. v. Pittman,* 239 Ill.App.3d 160, 179 Ill.Dec. 805, 807, 606 N.E.2d 637, 639 (1992).

### A. *"Doing Business" in Illinois*

██ The Illinois long-arm statute provides that an Illinois court may exercise jurisdiction over a "corporation doing business within this State." Ill.Ann.Stat. ch. 735, para. 5/2–209(b)(4) (Smith–Hurd 1992). A corporation is doing business in Illinois if it engages in a "regularity of activities in Illinois." *Cook Assocs., Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 57 Ill.Dec. 730, 735, 429 N.E.2d 847, 852 (1981).[6] In other words, a corporation is doing business if it operates within the state, " 'not occasionally or casually, but with a fair measure of permanence and continuity.' " *Id.,* 87 Ill.2d at 202, 57 Ill.Dec. at 736, 429 N.E.2d at 853·(quoting *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 115 N.E. 915, 917 (1917)).

██ Defendants "do not contest that they conducted business in Illinois prior to 1992." Defs.' Br. at 13. However, they assert that for purposes of determining whether they are subject to personal jurisdiction because they were doing business in Illinois, any business activity prior to 1992 is inconsequential. Defendants maintain that we should only look to Florabelle's activities in Illinois at the time it was served with the complaint. The district court deemed Florabelle's 1992 activities to be "more relevant" than its activities in prior years. Apr. 22, 1993 Mem.Op. at 6 n. 1. We do not agree that it is appropriate in this case to give controlling effect to the amount of Florabelle's Illinois contacts and sales in the first half of 1992.

In support of their proposition, defendants rely on three cases, none of which we find sufficiently analogous to be persuasive in this case.

In *Reeves v. Baltimore & Ohio R.R. Co.,* the court stated "[s]ince the theory of jurisdiction in the 'doing business' concept is based upon a permanent and continuing relationship with Illinois, this necessarily suggests that the court must look to a continuous period of time, and not a specific fixed point in time." *Reeves,* 171 Ill.App.3d 1021, 122 Ill.Dec. 145, 148, 526 N.E.2d 404, 407 (1988). While the court found that the critical point of a court's focus must be when a defendant is made a party to a suit, it examined a time period of approximately eight years. *Id.,* 171 Ill.App.3d at 1027, 122 Ill. Dec. at 149, 526 N.E.2d at 408. Because the defendant did not do any business or have any income from Illinois for four years prior to being served, it was not doing business in Illinois on a continuous nature so as to make it amenable to personal jurisdiction. *Id.*

In *Rokeby–Johnson v. Derek Bryant Ins. Brokers, Ltd.,* the court quoted *Reeves* in support of its determination that the trial court did not abuse its discretion in limiting discovery with respect to jurisdictional matters to a time period of one year prior to commencement of the lawsuit. *Rokeby–Johnson,* 230 Ill.App.3d 308, 171 Ill.Dec. 670, 676–677, 594 N.E.2d 1190, 1196–1197 (1992). The court found that the plaintiff had not

---

5. In response to concerns that Florabelle may be having business problems, Skurzewski "assured Mr. Anderson [president of the Illinois company] that Berger was healthier [sic] than ever, that we would be there in 1989 to service him as we had in the past." Feb. 14, 1992 Tr. at 3.41–3.42.

6. *Cook* was decided prior to the addition of the doing business prong to the long-arm statute (effective September 7, 1989), when personal jurisdiction based on a defendant's doing business in Illinois was only a creature of Illinois case law.

established a prima facie showing that the defendant was doing business in Illinois because there was no showing that defendant "actively procured business from Illinois" or had offices or employees in Illinois; defendant was never registered and did not write insurance policies in Illinois; and defendant ceased to exist more than one month before it was served. *Id.* 230 Ill.App.3d at 318–321, 171 Ill.Dec. at 678–679, 594 N.E.2d at 1198–1199.

In *Asset Allocation and Management Co. v. Western Employers Ins. Co.,* this court remanded for a determination of whether the defendant, which had stopped issuing new insurance policies and renewing policies in Illinois for almost a year and a half prior to commencement of the suit, but still paid losses to holders of existing policies, was still doing substantial business in Illinois. 892 F.2d 566, 570–571 (7th Cir.1988).

Here, we have no similar change in Florabelle's relationship with Illinois just prior (or for years prior) to commencement of this action. Since 1988, Skurzewski, as Florabelle's representative, has consistently contacted and made sales to Illinois customers. The record demonstrates that Florabelle, at the time it was served, was simply continuing with business as usual. Merely because Florabelle's sales in the first half of 1992 were lower than in earlier years, with no indication that Skurzewski had changed any of her regular sales routines, and given that 1992 was a bad year, does not mean that Florabelle intended to modify its business relationship with Illinois. Florabelle, through Skurzewski, exhibited a regularity of contact with Illinois over the years. Defendants concede that prior to 1992, they "conducted business" in Illinois. We think that Skurzewski's consistent activities in Illinois since 1988 are sufficient to show that Florabelle had continual business activity in Illinois, and therefore is subject to personal jurisdiction by virtue of its doing business in Illinois.

██ Once it is clear that an Illinois court may exercise personal jurisdiction pursuant to the long-arm statute, a court must determine whether the exercise is consistent with federal due process requirements. *R.W. Sawant,* 95 Ill.Dec. at 500–501, 489 N.E.2d at 1364–1365. Federal due process requires that a court in Illinois exercise jurisdiction over a defendant only if the defendant has "certain minimum contacts with it [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). We conclude that given Florabelle's activities in Illinois, the district court's exercise of personal jurisdiction over defendants would not violate requirements of federal due process.

██ Finally, the exercise of personal jurisdiction under the Illinois long-arm statute must also be consistent with the Illinois Constitution's guarantee of due process. *Rollins v. Ellwood,* 141 Ill.2d 244, 152 Ill.Dec. 384, 398, 565 N.E.2d 1302, 1316 (1990). The Illinois Constitution's guarantee of due process "stands separate and independent from the Federal guarantee of due process." *Id.* Under this standard, jurisdiction may be asserted if it is "fair, just and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id.* While a court must conduct an independent analysis of due process under Illinois law, it may look to federal due process law for guidance in construing the Illinois due process guarantee. *Id.* Because defendants give us no reason to otherwise construe the facts in light of the Illinois Constitution, we likewise find that the district court's exercise of personal jurisdiction over defendants would not violate requirements of Illinois due process.

### B. *Due Process Under the Long–Arm Statute*

Plaintiffs argue that the district court may exercise personal jurisdiction over defendants because the constitutional due process standards are met, even if they are not found to be doing business in Illinois. Chapter 735, Act 5, § 2–209, paragraph (c) of the Illinois Compiled Statutes (effective September 7, 1989), provides that a court may exercise jurisdiction on any basis permitted by the

Illinois or United States Constitutions. Since we conclude that defendants are subject to personal jurisdiction because they were doing business in Illinois, we need not specifically address this issue.

The judgment of the district court is Reversed and this case is remanded for further proceedings consistent with this opinion.