**ING (U.S.) SECURITIES, FUTURES & OPTIONS, INC., Plaintiff,**

v.

**BINGHAM INVESTMENT FUND, L.L.C., Ronald A. Klein, and Gary A. Shiffman, Defendants.**

No. 96 C 879.

United States District Court,
N.D. Illinois,
Eastern Division.

July 24, 1996.

Tyrone C. Fahner, Diane Green Smith, Mayer, Brown & Platt, Chicago, IL, for ING (U.S.) Securities, Futures & Options, Inc.

Scott E. Early, James Daniel Dasso, Chicago, IL, Randall Lee Oyler, Foley & Lardner, Chicago, IL, for Bingham Investment Fund, L.L.C., Ronald A. Klein, and Gary A. Shiffman.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On February 15, 1996, plaintiff, ING (U.S.) Securities, Futures & Options, Inc. ("ING"), filed its complaint against defendants, Bingham Investment Fund, L.L.C. ("Bingham"), Ronald A. Klein, and Gary A. Shiffman, claiming fraud and breach of contract. In the complaint, ING alleges the following facts. ING is a futures commission merchant that executes and clears commodity futures and option transactions for customers on various exchanges. Bingham is a limited liability company. Mr. Klein and Mr. Shiffman, Michigan residents, are members of Bingham. Mr. Klein is also a manager of Bingham. In November, 1994, Bingham opened a commodity futures and options trading account (the "Account") with ING's predecessor. On January 9, 1996, Messrs. Klein and Shiffman engaged in a series of trades in futures contracts that resulted in a deficit balance in the Account. This deficit balance gave rise to ING's lawsuit. Mr. Klein and Mr. Shiffman have filed a motion to dismiss count II of the complaint in which they contend that this court lacks personal jurisdiction over them.

■ ING bears "the burden of establishing a prima facie case for personal jurisdiction." *Michael J. Neuman & Associates, Limited v. Florabelle Flowers, Incorporated,* 15 F.3d 721, 724 (7th Cir.1994). In order to have personal jurisdiction over a nonresident defendant, it is necessary to determine whether exercising jurisdiction would satisfy the due process requirements of the United States and Illinois Constitutions. *See Chemical Waste Management v. Sims,* 870 F.Supp. 870, 873 (N.D.Ill.1994).

■ Mr. Klein and Mr. Shiffman argue that even if asserting jurisdiction over Mr. Klein would fulfill the due process standards of the U.S. Constitution, Illinois' due process standards would prohibit jurisdiction via the fiduciary shield doctrine. This doctrine prohibits the exercise of personal jurisdiction over a nonresident defendant whose only contacts with Illinois "were solely on behalf of his employer or other principal." *Rice v. Nova Biomedical Corp.,* 38 F.3d 909, 912 (7th Cir.1994), *cert. denied sub nom Nova Biomedical Corp. v. Rice,* — U.S. —, 115 S.Ct. 1964, 131 L.Ed.2d 855 (1995). Mr. Klein and Mr. Shiffman attach the affidavit of Mr. Klein to their motion to dismiss. In the affidavit, ¶ 6, Mr. Klein declares that

> [o]n all occasions up to and including January 9, 1996, my contacts with [ING's predecessor] and ING have been solely in my capacity as a representative of Bingham. I have had no contacts with [ING's predecessor] or ING in my individual capacity or on my own behalf.

Mr. Klein's assertions are uncontradicted. Consequently, Mr. Klein is shielded from jurisdiction in this court unless he is subject to an exception to the fiduciary shield doctrine.

■ As ING contends, courts refuse to apply the fiduciary shield doctrine to a defendant who is the alter ego of the corporation for which he is the agent. *See Brujis v. Shaw,* 876 F.Supp. 975, 979–80 (N.D.Ill.1995). In Illinois, an individual is the alter ego of a corporation when two requirements are met:

> First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual ... no longer exist; and second, circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.

*Hystro Products, Inc. v. MNP Corporation,* 18 F.3d 1384, 1388–89 (7th Cir.1994). That

an individual commingles his funds or assets with those of a corporation or treats the corporation's assets as his own suggests that there is "unity of interest and ownership" between the individual and the corporation. *Id.* at 1389.

 ING argues that Mr. Klein and Mr. Shiffman treated the assets of Bingham as their own by withdrawing money from Bingham to pay for personal expenses. In support of this argument, ING cites only to the allegations of its complaint. The "allegations in [a plaintiff's] complaint are to be taken as true unless controverted by the defendants' affidavits...." *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir.1987). In his affidavit, Mr. Klein asserts:

> 4. Bingham maintains, and has always maintained, the necessary corporate records. Bingham does not commingle, and has never commingled, its assets with the assets of either Shiffman or myself. Bingham maintains a banking account that is separate and distinct from the banking accounts maintained by Shiffman and myself.

> 5. Shiffman and I do not treat, and have never treated, the assets of Bingham as our own. Neither Shiffman nor I use the assets of Bingham to pay our personal expenses.

Based on Mr. Klein's uncontradicted affidavit, I cannot conclude that there was sufficient "unity of interest and ownership" between Mr. Klein and Mr. Shiffman on the one hand and Bingham on the other hand to find that Mr. Klein and Mr. Shiffman were the alter egos of Bingham.[1] Consequently, the fiduciary shield doctrine prevents me from asserting personal jurisdiction over Mr. Klein.

 The fiduciary shield doctrine does not deny personal jurisdiction over an individual who acted to "serve his personal inter-

ests" instead of the interests of his principal. *Rice,* 38 F.3d at 912 (citation omitted). Because Mr. Klein's affidavit does not state that Mr. Shiffman acted as a representative of Bingham, I will inquire whether asserting jurisdiction over Mr. Shiffman would satisfy due process requirements. The only actions that ING alleges that Mr. Shiffman took were signing two acknowledgment forms, attached as exhibit E to the complaint. ING neither alleges in its complaint nor provides an affidavit stating that Mr. Shiffman sent these documents to ING, instructed that the documents be sent to ING, or knew that the documents were sent to ING. Accordingly, ING has not shown that exercising jurisdiction over Mr. Shiffman would satisfy federal due process standards.[2]

The motion to dismiss is, accordingly, granted.

---

1. ING further argues that Bingham was the alter ego of Messrs. Klein and Shiffman because Bingham is insolvent, as it has no funds to pay ING for the Account deficit. ING, however, does not allege in its complaint or set forth in an affidavit that Bingham either is insolvent or cannot pay ING. Therefore, ING's argument does not assist it.

2. In arguing that jurisdiction over Mr. Shiffman is proper, ING attempts to attribute Mr. Klein's conduct to Mr. Shiffman. Mr. Klein's uncontradicted statement in his affidavit that he did not act "as a representative of or on behalf of Shiffman" prevents ING from doing so. Klein Aff. at ¶ 6.