**BUSKE LINES, INC., Plaintiff,**

v.

**THERMO KING MICHIGAN, INC., Defendant.**

No. 96–3343.

United States District Court,
C.D. Illinois,
Springfield Division.

April 7, 1997.

John I. Schaberg, Belleville, IL, for plaintiff.

Emmet Fairfield, Denise Druhot, Springfield, IL, for defendant.

## *OPINION*

RICHARD MILLS, District Judge:

Contract between Illinois corporation and Michigan corporation.

Do phone calls and facsimile transmissions alone cause this Court in Illinois to have *personal* jurisdiction over Defendant?

No.

## I. BACKGROUND

Plaintiff is an Illinois corporation with its principal place of business in Litchfield, Illinois. Defendant is a Michigan corporation with its principal place of business in Grand Rapids, Michigan. Defendant is not registered to do business in Illinois nor does it have a registered agent within the State of Illinois. Defendant is engaged in the business of selling, installing and servicing truck/trailer heating and refrigerator units. Defendant also operates a facility in Detroit, Michigan. Plaintiff operates a facility near Defendant's Detroit facility.

On or about March 25, 1996, Dale Alton, General Manager of Defendant's Detroit facility, received a telephone call from Phil Bauer of Monon Corp., a manufacturer of truck trailers. Bauer was seeking a price quotation for its customer, Plaintiff. Alton claims he gave quotes to Bauer on various products. On March 27, 1996, Defendant faxed a written quote to Plaintiff's president, Tom Buske, in Litchfield, Illinois. On March 28, 1996, the same quotation was faxed to Steve Ondejka at Plaintiff's Michigan facility. Defendant also claims that Ondejka and Bauer repeatedly assured Alton that the heating units were to be installed in trailers which would be housed at and operated out of Plaintiff's Michigan facility. On April 10, 1996, following a series of phone calls, Defendant faxed a final written quotation for the heating units to Plaintiff. On April 15, Plaintiff returned, by fax, the quote bearing

Buske's signature. Defendant claims the heaters were installed at Defendant's Detroit facility. Delivery of the goods was F.O.B. Defendant's Detroit plant. Payment was to be made to a third party in advance of delivery.

Plaintiff claims that the trucks with the Thermo King units installed were to be picked up in Michigan, but that they were to be hauled to the Litchfield, Illinois facility for a "pre-service inspection." Further, Plaintiff does not know why Defendant contacted Ondejka at the Michigan warehouse and that neither he nor Bauer would have authority to tell Alton that Plaintiff would be housing and operating the trailers only in Michigan. Plaintiff claims that Defendant knew the trailers were to be used in Plaintiff's interstate commerce and several states and would be serviced and maintained only at the Litchfield, Illinois headquarters.

Subsequently, Defendant allegedly refused or failed to deliver a certain number of the trailers with Thermo King units installed. On November 18, 1996, Plaintiff filed suit in the Circuit Court of the Fourth Judicial Circuit, Montgomery County, Illinois alleging breach of contract against Defendant. Plaintiff's complaint alleges that Defendant is subject to personal jurisdiction in Illinois under 735 ILCS 5/2–209 of the Illinois long-arm statute; specifically subsections (a)(1) (transaction of business in Illinois) and (a)(7) (making or performing a contract or promise substantially connected with Illinois). Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, there being diversity of citizenship and the amount in controversy exceeding $50,000.

On December 31, 1996, Defendant filed its motion to dismiss for lack of personal jurisdiction. Defendant claims the facts fail to support the exercise of Illinois long-arm jurisdiction and that Defendant does not have sufficient minimum contacts with Illinois to meet the requirements of the due process clause of the United States and Illinois Constitutions. In support of its position, Defen-

dant points out that it is a Michigan corporation, it maintains no offices or production facilities in Illinois, it owns no assets located in Illinois, maintains no sales force in Illinois, has no employees in Illinois, does not advertise or solicit business in Illinois, was never physically present in Illinois, and the terms of the contract provided that the delivery of the heating units was F.O.B. Defendant's Detroit Michigan plant.

## II. LEGAL STANDARD

In deciding a motion to dismiss for want of personal jurisdiction in a diversity case, a federal district court looks to the law of the state in which it sits. *Michael J. Neuman & Associates, Ltd. v. Florabelle Flowers, Inc.,* 15 F.3d 721, 724 (7th Cir.1994), *accord Dehmlow v. Austin Fireworks,* 963 F.2d 941, 945 (7th Cir.1992). If personal jurisdiction is found under Illinois law, the next step is to determine whether asserting jurisdiction is a violation of due process. *Burnham v. Super. Ct. of California, County of Marin,* 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990). "During this preliminary proceeding, although the burden of proof rests on the party asserting jurisdiction, if the district court's decision is based on the submission of written materials the burden of proof is met by a prima facie showing that personal jurisdiction is conferred under the relevant jurisdictional statute." *Nelson by Carson v. Park Industries, Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983). The Court must resolve all factual disputes in favor of the Plaintiff. *Id.*

As this Court noted in *Obermeyer v. Gilliland,* 873 F.Supp. 153, 156 (C.D.Ill. 1995), the Illinois Long–Arm statute, 735 ILCS 5/2–209 (West.1992), makes Illinois law coextensive with minimum due process requirements. Thus, analysis can be limited to whether asserting jurisdiction over Defendant satisfies due process requirements under the Illinois and United States Constitutions.[1] *Pilipauskas v. Yakel,* 258 Ill.App.3d

---

1. Whether due process is met under the Illinois Constitution is an independent analysis. *Rollins v. Ellwood,* 141 Ill.2d 244, 152 Ill.Dec. 384, 398, 565 N.E.2d 1302, 1316 (1990). This Court, how-

ever, may look to federal law for guidance in construing the Illinois due process guarantee. *Michael J. Neuman & Associates v. Florabelle Flowers, Inc.,* 15 F.3d 721, 725 (7th Cir.1994).

47, 196 Ill.Dec. 188, 194, 629 N.E.2d 733, 739 (1st Dist.1994).

According to the Supreme Court, due process requires that a nonresident defendant have "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). Minimum contacts have been defined as "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The Due Process Clause enables "potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ Whether it is reasonable to require a defendant to defend a suit is determined by examining the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). However, "[the] sufficiency of minimum contacts cannot be determined by any set formula or rule of thumb, but -must rest on a consideration of what is fair and reasonable in the circumstances of each particular case.'" *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1213 (7th Cir.1984) (quoting *Telco Leasing, Inc. v. Marshall County Hosp.,* 586 F.2d 49, 50 (7th Cir.1978)). *See Kulko v. California Super., Ct.,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696–97, 56 L.Ed.2d 132 (1978).

Two kinds of personal jurisdiction exist—specific and general. A court has specific jurisdiction if the controversy arises from or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). Conversely, a court may exercise general jurisdiction when the underlying cause of action does not arise from the defendant's contacts but the defendant has "continuous and systematic" contacts with the forum. *Id.* at 416, 104 S.Ct. at 1873.

## III. ANALYSIS

■ Plaintiff argues that the following facts support its claim that Defendant should be subject to personal jurisdiction: 1) Plaintiff is an Illinois corporation with 300 employees at its headquarters; 2) all negotiations for this contract were to and from Plaintiff's Illinois headquarters; 3) contract was formed in Illinois by offer directed to the Plaintiff's president in Illinois, signed by Plaintiff's president in Illinois and then returned to Defendant; 4) the trailers and heaters which were the subject of the contract would be used and serviced in Illinois; 5) the trailers would be operated and maintained, for the most part, by Illinois residents; 6) the contract was the result of competitive bidding between Defendant and Illinois competitors; 7) Defendant purposely directed it activities to the Illinois corporation at its Illinois headquarters; 8) all subsequent contacts to maintain the contract were directed to and from Plaintiff's Illinois headquarters. Plaintiff also claims Defendant is listed in a "Dealership Directory" distributed in Illinois.

Plaintiff relies on numerous cases to show that Defendant is subject to personal jurisdiction under the Illinois long-arm statute. But as the Court has stated above, the inquiry can be reduced to one question: whether jurisdiction over the defendant is consistent with the Due Process Clause of the Fourteenth Amendment. Although Plaintiff addresses whether due process is satisfied, it cites no cases supporting its argument. Plaintiff claims Defendant purposely availed itself to the jurisdiction of Illinois because Defendant was aware that it was dealing with an Illinois corporation and because it maintained subsequent contact and purposely directed those activities to Plaintiff in Illinois. Therefore, Plaintiff claims jurisdiction does not offend the notions of fair play and substantial justice.

The Court disagrees with Plaintiff that Defendant purposely availed itself to the

# 174

benefits and protections of Illinois law and finds that the exercise of personal jurisdiction over Defendant would be unconstitutional.

■ First, Plaintiff's arguments in regard to its own actions are irrelevant. Actions of the nonresident defendant, not the plaintiff, determine whether the Court has jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416–17, 104 S.Ct. 1868, 1873–74, 80 L.Ed.2d 404 (1984). Second, the fact that Defendant contracted with an Illinois corporation is not a sufficient basis upon which this Court can assert personal jurisdiction. *Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.,* 18 F.3d 389, 395 (7th Cir.1994). Third, telephone calls and written communications are not enough to establish personal jurisdiction over Defendant. While a few Illinois cases that have held that a single telephone call is sufficient to confer personal jurisdiction, these cases are distinguishable from the case at hand. *See Cook Associates v. Colonial Broach & Machine Co.,* 14 Ill.App.3d 965, 970, 304 N.E.2d 27 (1973); *Colony Press, Inc. v. Fleeman,* 17 Ill.App.3d 14, 18, 308 N.E.2d 78 (1974). Those cases involved a business transaction initiated by the defendant and the contract was to be performed in the forum state. In the instant case, Defendant claims, and Plaintiff does not refute, that Plaintiff initiated the first contact through a third person. And while acceptance of the contract may have taken place in Illinois when Plaintiff's president signed the contract, the performance of the contract was to take place in Michigan with delivery to take place in Michigan [2].

■ Merely directing or conducting an activity with a resident of Illinois does not create personal jurisdiction; the activity must invoke "the benefits and protections of [Illinois] law." *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 109, 107 S.Ct. 1026, 1030–31, 94 L.Ed.2d 92 (1987). Plain-

tiff has not provided any evidence that Defendant purposely availed itself such that it could foresee being haled into an Illinois court. There is no indication that Defendant sought out business from Illinois companies. In the instant case, Plaintiff, through a third party, initiated the first contact. Defendant does not advertise or otherwise solicit business from Illinois companies.

Plaintiff attempts to rely on a "Thermo King Dealership Directory" which lists places where service or repair of Thermo King equipment may be obtained from authorized Thermo King dealerships. Defendant filed an affidavit by David Vanderleek, vice-president and treasurer of Defendant, stating that Defendant is a wholly separate and distinct corporation than Thermo King Corporation. Thermo King Corporation, not Defendant, publishes the directory. Moreover, Defendant does not use the Dealership Directory to advertise or solicit business in Illinois.

## IV. CONCLUSION

For the above stated reasons, this Court cannot find that Defendant had sufficient minimum contacts. Defendant has not purposely availed itself to the privilege of conducting activities within Illinois such that it invoked the benefits and protections of Illinois law. Because the Court has determined that subjecting Defendant to jurisdiction would be unconstitutional, the Court need not address whether asserting jurisdiction satisfied the due process requirements under the Illinois Constitution.

*Ergo,* Defendant's Motion to Dismiss For Lack of Jurisdiction (d/e 4) is ALLOWED. The case is DISMISSED, each party to bear its own costs.

SO ORDERED.

CASE CLOSED.

---

2. Plaintiff claims that there is a dispute regarding delivery. Yet, Plaintiff admits that it was to pick up the trucks in Michigan and the contract provides for delivery to occur in Michigan. Plaintiff's argument that because it was going to

then drive the trucks to Illinois for a "pre-service inspection" does not support its claim that there is a dispute regarding delivery. Delivery occurred in Michigan when Plaintiff picked up the trucks.