THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDDIE LEE LOTT, Defendant-Appellant.

Third District   No. 3—00—0986

Opinion filed November 6, 2001.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Freddie Lee Lott, was convicted of first degree murder (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(a)(3)) and sentenced to 60 years' imprisonment. His petition for relief from judgment under section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—

1401 (West 2000)) was dismissed as untimely. On appeal, the defendant claims that his sentence is void in light of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We affirm.

## FACTS

Following a jury trial, the defendant was convicted of first degree murder. At the conclusion of the sentencing hearing, the trial court imposed a 60-year term on the defendant.[1] The court stated that the sentence was based on the defendant's criminal history and its finding that the offense was accompanied by exceptionally brutal or heinous behavior. The court also considered serious bodily injury as a factor in aggravation.

On appeal, the defendant's conviction was affirmed, but the cause was remanded for a new sentencing hearing. *People v. Lott*, No. 3—85—0303 (1986) (unpublished order under Supreme Court Rule 23). The trial court again found that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty and sentenced the defendant to an extended term of 60 years. This sentence was affirmed on appeal. *People v. Lott*, No. 3—87—0160 (1987) (unpublished order under Supreme Court Rule 23).

The defendant filed two postconviction petitions which were eventually dismissed without an evidentiary hearing. On November 2, 2000, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2—1401 of the Code. The petition alleged that the imposition of an extended-term sentence for murder based on a finding of brutal or heinous behavior indicative of wanton cruelty violates the tenets of *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. Without addressing the merits, the trial court dismissed the petition as untimely.

## ANALYSIS

On appeal, the defendant contends that *Apprendi* should apply retroactively to his case. He maintains that his 1987 sentence is void and should be vacated because the triggering factor for his extended term was neither pled in the indictment nor found proven beyond a reasonable doubt by the trier of fact. In response, the State claims that the trial court properly dismissed the petition as untimely regardless of the merits of the underlying issue.

---

[1]At the time the defendant was sentenced, the sentencing range for murder was 20 to 40 years. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(1)(a). A finding by the trial court that the crime was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty subjected a defendant to an extended-term range of 40 to 60 years in prison. Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(2).

■ As a general rule, a petition for relief from judgment under section 2—1401 of the Code must be filed within two years after entry of the judgment being challenged. 735 ILCS 5/2—1401(c) (West 2000). A petition filed more than two years after a judgment will not be considered unless a clear showing has been made that the person seeking to vacate the judgment was under a legal disability or duress or the grounds for relief were fraudulently concealed. 735 ILCS 5/2—1401(c) (West 2000); *People v. Caballero*, 179 Ill. 2d 205, 688 N.E.2d 658 (1997). Relief may also be sought beyond the two-year limitations period where the judgment being challenged is void. *People v. Harvey*, 196 Ill. 2d 444, 447 (2001), citing *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 489 N.E.2d 1360 (1986). A void judgment is one that was entered by a court which lacks jurisdiction over the parties or the subject matter, or which lacks the inherent power to make or enter the particular order involved. *R.W. Sawant & Co.*, 111 Ill. 2d 304, 489 N.E.2d 1360. When examining a trial court's ruling on a section 2—1401 petition in a criminal case, the appropriate standard of review is whether the trial court abused its discretion. *People v. Haynes*, 192 Ill. 2d 437, 737 N.E.2d 169 (2000).

The defendant's petition in the instant case was filed over 13 years after entry of the judgment from which he seeks relief. In his petition, the defendant does not claim that he was under duress or that the alleged error was fraudulently concealed. Accordingly, the defendant's section 2—1401 petition falls beyond the time parameters established under the statute and must be deemed untimely. See *People v. Gosier*, 205 Ill. 2d 198 (2001).

The defendant maintains, however, that the limitations period should be tolled because his sentence is a void judgment that can be attacked at any time. In support of this claim, he cites *People v. Arna*, 168 Ill. 2d 107, 658 N.E.2d 445 (1995), and *Harvey*, 196 Ill. 2d at 447.

In *Arna*, the defendant was convicted of two counts of attempted first degree murder for the shootings of two people. The trial court sentenced him to concurrent terms. The appellate court found *sua sponte* that consecutive sentences were mandatory under section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1992)) and ordered the trial court to impose consecutive sentences on remand.

The supreme court stated that a sentence which does not conform to a statutory requirement is void and can be attacked at any time. It found that the trial court's order imposing concurrent terms was void because it did not conform to the requirement of section 5—8—4(a). Thus, the appellate court was not barred from increasing the defendant's sentence on review. *Arna*, 168 Ill. 2d 107, 658 N.E.2d 445.

In *Harvey*, the supreme court extended the "void judgment" analysis to petitions for relief from judgment pursuant to section 2—1401 of the Code. There, the defendant was convicted of armed robbery and sentenced to an extended term based on a prior felony conviction for attempted murder. Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3.2(b)(1). At the time the defendant committed the offense, section 5—5—3.2(b)(1) allowed an extended term to be imposed where the defendant had been "convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3.2(b)(1). The defendant brought a section 2—1401 petition well beyond the two-year limitations period, claiming that his prior conviction was not "the same or greater class felony." He maintained that his judgment was void because the trial court failed to follow the extended-term statutory requirement.

The supreme court noted that a defendant may seek relief beyond the two-year limitations period of section 2—1401 where the judgment at issue is void. It addressed the merits of the defendant's challenge and did not invoke the two-year deadline as a barrier. *Harvey*, 196 Ill. 2d at 447.

■ By contrast, the defendant here is not asserting a cognizable "void judgment" challenge. The defendant claims that his sentence is void because his extended-term sentence was imposed in violation of *Apprendi*. However, the constitutional rule set forth in *Apprendi* did not exist when the defendant was sentenced. The sentencing guidelines at that time allowed the trial court to sentence a person to an extended term if it found that the defendant's acts constituted brutal or heinous behavior indicative of wanton cruelty. See Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(2). The trial court found that the defendant's acts were accompanied by brutal and heinous behavior and sentenced him in accordance with the extended-term provisions. Thus, the court acted within its authority in sentencing the defendant to 60 years in prison.

Based on the above comparison, we find that the defendant's claim does not fall within the purview of a "void judgment" challenge. In so doing, we do not address the merits of the defendant's underlying claim. We merely conclude that relief cannot be granted in a section 2—1401 proceeding. The defendant's petition is time barred and his argument that his extended-term sentence violates *Apprendi* does not challenge the judgment as void. Accordingly, the trial court did not abuse its discretion in dismissing the defendant's section 2—1401 petition.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOLDRIDGE and McDADE, JJ., concur.