2020 IL App (1st) 180623-U

No. 1-18-0623

Order filed April 15, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 6468 |
| | ) | |
| KENTRELL POWELL, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We vacate defendant's conviction for unlawful use or possession of a weapon by a felon because it was predicated on his prior conviction for carrying a firearm within 1,000 feet of a school, an offense which has since been declared unconstitutional. We also vacate that prior conviction, which was void and may therefore be attacked at any time. We remand for sentencing on his merged findings of guilt for aggravated unlawful use of a weapon.

¶ 2    Following a bench trial, defendant Kentrell Powell was found guilty of two counts of

unlawful use or possession of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2016))

and four counts of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a) (West 2016)). He was sentenced on one UUWF count to four and a half years' imprisonment. On appeal, he contends his UUWF conviction should be vacated because it was predicated on his prior conviction for carrying a firearm within 1,000 feet of a school, an offense which has since been declared unconstitutional. For the following reasons, we vacate defendant's conviction for UUWF and his prior conviction for carrying a firearm within 1,000 feet of a school and remand for sentencing on the merged AUUW counts.

¶ 3    Because defendant does not challenge the sufficiency of the evidence, we recite only those facts necessary to our disposition. Defendant was charged with two counts of UUWF for possession of a handgun and bullets (Counts 1 and 2, respectively), and four counts of AUUW (Counts 3-6). The UUWF counts were predicated on defendant's 2013 conviction for carrying a firearm within 1,000 feet of a school under case number 13 CR 0582601 (720 ILCS 5/24-1(a)(10), (c)(1.5) (West 2012)).

¶ 4    The evidence at trial established that, on April 8, 2017, defendant was seated in the passenger seat of a parked vehicle in an area known for cannabis sales. Chicago police officer Michael Conroy observed two men standing outside and leaning into the vehicle engaged in what he believed was a drug transaction. He approached and smelled cannabis coming from the vehicle. Conroy observed an open bottle of alcohol in the vehicle and ordered the occupants to exit it. Conroy looked inside the vehicle after defendant exited the passenger seat and found a firearm in between the passenger seat and center console. The gun was a Smith & Wesson semi-automatic pistol loaded with one live round in the chamber and full magazine. Defendant was arrested and the police learned he had a prior felony conviction. Defendant did not have a valid Firearm

Owner's Identification card or concealed carry license. The State introduced into evidence a certified copy of defendant's conviction for carrying a firearm within 1,000 feet of a school in case number 13 CR 0582601.

¶ 5    The court found defendant guilty of all counts, merged the counts, and sentenced defendant to four and a half years' imprisonment on Count 1, UUWF.

¶ 6    On appeal, defendant contends that his conviction for UUWF should be vacated because it was predicated on his void 2013 conviction for carrying a firearm within 1,000 feet of a school. Defendant asks that this court vacate both his conviction for UUWF and the 2013 conviction. The State agrees.

¶ 7    Defendant was convicted in 2013 of UUWF for knowingly possessing on or about his person a handgun, after having been previously convicted of carrying a firearm within 1,000 feet of a school under section 24-1(a)(10), (c)(1.5) of the Criminal Code of 2012 (720 ILCS 5/24-1(a)(10), (c)(1.5) (West 2012)).

¶ 8    In *People v. Green*, 2018 IL App (1st) 143874, this court found the section 24-1(a)(10), (c)(1.5) prohibition on possession of a firearm within 1,000 feet of a school facially unconstitutional because it "effectively operates as a total ban on the carriage of weapons for self-defense outside the home in Chicago," and therefore "runs afoul of *Aguilar*, in which the supreme court held that the right to carry firearms is particularly important when traveling outside the home." *Id.* ¶¶ 23-24 (citing *People v. Chairez*, 2018 IL 121417, ¶ 55, and *People v. Aguilar*, 2013 IL 112116, ¶¶ 19-20).

¶ 9    "[A] judgment based on a statute that is facially unconstitutional is void." *In re N.G.*, 2018 IL 121939, ¶ 43. A conviction and sentence "based on a facially unconstitutional statute have no

legal force or effect," but their nullification is not self-executing and therefore requires judicial action. *Id.* ¶ 52. In Illinois, void judgments may be impeached in any proceeding at any time, regardless of whether the time for appeal has expired. *Id.* ¶ 43 (citing *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309 (1986) (a void judgment may be attacked, either directly or collaterally, at any time or in any court)).

¶ 10    In this case, defendant's 2013 conviction was based on the statute that *Green* found unconstitutional. Accordingly, defendant's 2013 conviction is void and may be attacked at any time. See *N.G.*, 2018 IL 121939, ¶ 43. We therefore vacate defendant's 2013 conviction for UUW within 1,000 feet of a school.

¶ 11    As the parties correctly point out, void convictions under facially unconstitutional laws may not be used in subsequent proceedings " ' "to support guilt or enhance punishment for another offense." ' " *Id.* ¶ 38 (quoting *United States v. Bryant*, 579 U.S. --, --, 136 S.Ct. 1954, 1956-57 (2016) (quoting *Burgett v. Texas*, 389 U.S. 109, 115 (1967))). Because the void 2013 conviction was used as the predicate felony for the UUWF conviction in the instant case, defendant's UUWF conviction also may not stand. Accordingly, we vacate defendant's UUWF conviction.

¶ 12    Finally, the parties disagree about whether the case should be remanded for resentencing on the AUUW counts the trial court merged into the UUWF count.[1] The State argues that defendant's case should be remanded for resentencing on those counts. Defendant asks that we impose a conviction on Count 3, AUUW, without remanding for a new sentencing hearing. He requests that we reduce his sentence to three years' imprisonment—the maximum sentence for the

---

[1] We note that defendant was also found guilty of Count 2, a second offense of UUWF, predicated on the void 2013 conviction.

AUUW Class 4 felonies (720 ILCS 5/24-1.6(d) (West 2016); 730 ILCS 5/5-4.5-45(a) (West 2016))—because he has served the prison portion of his sentence and is currently on mandatory supervised release (MSR). We agree with the State.

¶ 13    Although defendant completed his prison sentence and is currently serving his MSR term, we remand to the trial court for sentencing on the merged AUUW counts. Because we are vacating defendant's only sentenced conviction, sentence must be imposed on at least one of the AUUW counts of which he was also found guilty in order for judgment to be final. *People v. Flores*, 128 Ill. 2d 66, 95 (1989) ("[I]t is axiomatic that there is no final judgment in a criminal case until the imposition of sentence."). Without the imposition of final judgment on the AUUW counts, our jurisdiction extends only to remanding the case for imposition of sentence on the nonfinal convictions. *People v. Relerford*, 2017 IL 121094, ¶ 75 (noting that, "to the extent" an appellate court has jurisdiction to address nonfinal convictions, that jurisdiction is "limited to ordering a remand for imposition of sentences on the lesser convictions").

¶ 14    In sum, we vacate defendant's 2013 conviction for carrying a firearm within 1,000 feet of a school in case number 13 CR 0582601. We also vacate defendant's conviction for UUWF in the instant case and remand for sentencing on the merged counts of AUUW.

¶ 15    Vacated; remanded.