Gary BROWN, Plaintiff,

v.

1995 TENET PARAAMERICA BICYCLE CHALLENGE, et al., Defendants.

No. 95 C 5631.

United States District Court,
N.D. Illinois,
Eastern Division.

July 3, 1996.

Alan Mark Goldstein, Law Offices of Alan M. Goldstein, Chicago, IL, for Gary Brown.

Martha Ann Pagliari, John Kennedy DeVine, Cassiday, Schade & Gloor, Chicago, IL, Donald H. Mullins, Badgley–Mullins Law Group, P.L.L.C., Seattle, WA, for 1995 Tenet ParaAmerica Bicycle Challenge, Timothy Kneeland, Timothy Kneeland and Associates, Inc., United States Association for Blind Athletes, Inc.

John H. Anderson, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Tenet Healthcare Corporation.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Gary Brown is a cyclist whose lower extremities are paralyzed. He therefore rides a specially designed tricycle that does not permit him to wear a helmet. After defen-

dants prevented him from participating in the 1995 Tenet ParaAmerica Bicycle Challenge ("ParaAmerica") because of his refusal to wear a bicycle helmet, Mr. Brown filed his complaint alleging that defendants violated his rights under The Americans with Disabilities Act, The Rehabilitation Act and Illinois law. Defendants, non-Illinois residents, have filed motions to dismiss in which they argue that this court lacks personal jurisdiction over them and is not the proper venue.

■ The plaintiff bears "the burden of establishing a prima facie case for personal jurisdiction." *Michael J. Neuman & Associates, Limited v. Florabelle Flowers, Incorporated,* 15 F.3d 721, 724 (7th Cir.1994). A federal district court in Illinois can assert personal jurisdiction over a nonresident defendant only if Illinois courts would have personal jurisdiction. *Id.* The parameters of jurisdiction under the Illinois long-arm statute are contiguous with the requirements of due process under the United States and Illinois Constitutions. *Chemical Waste Management, Inc. v. Sims,* 870 F.Supp. 870, 873 (N.D.Ill.1994). Thus if the defendants' contacts with Illinois satisfy the requirements of due process, then those contacts also fulfill the requirements of the Illinois long-arm statute. Accordingly, it is necessary to determine whether the assertion of jurisdiction over the defendants would satisfy the United States and Illinois Constitutions.

■ Mr. Brown alleges that the ParaAmerica is a partnership, or joint venture, among all defendants. Complaint at ¶ 22. In their reply brief, p. 12, Timothy Kneeland & Associates ("TKA") and the United States Association for Blind Athletes ("USABA") state that they "do not dispute that a joint venture or partnership may have existed between them in connection with [the ParaAmerica]." Personal jurisdiction over a partnership gives rise to personal jurisdiction over the general partners comprising the partnership. *Wolfson v. S & S Securities,* 756 F.Supp. 374, 377–78 (N.D.Ill.1991); *Felicia, Ltd. v. Gulf American Barge, Ltd.,* 555 F.Supp. 801, 805–06 (N.D.Ill.1983). "[G]eneral partners are both agents and principals. As principals they do not represent the partnership, they are the partnership." *Felicia,* 555 F.Supp. at 806. Thus personal jurisdiction over any of the defendants who make up the partnership provides the basis for asserting personal jurisdiction over the other defendant-partners.

■ Under the U.S. Constitution, I may exercise personal jurisdiction over a nonresident defendant if it "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Chemical Waste Management,* 870 F.Supp. at 874. In November, 1992, the USABA sent Mr. Brown a letter enclosing a "Public Service Announcement" ("PSA") and a "Press Release." The USABA instructed Mr. Brown to ask local radio stations to repeatedly play the PSA over the air and to give the Press Release to local newspapers and magazines so that they could publish a story on Mr. Brown. The PSA and Press Release requested donations to enable Mr. Brown to raise the amount necessary ($6,000) to permit him to participate in the ParaAmerica. By knowingly soliciting Illinois residents to donate money, the USABA purposely availed itself of the privilege of doing business in Illinois and therefore invoked the benefits and protections of the laws of Illinois. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). Under the partnership principles described above, because I may exercise personal jurisdiction over the USABA, I may also exercise personal jurisdiction over TKA and the ParaAmerica.[1] Asserting personal

---

1. Mr. Brown asserts as a second basis for asserting jurisdiction over the USABA and its partners that the USABA is licensed as a non-profit organization in Illinois. The USABA became licensed as a non-profit organization only for the purpose of holding one fundraising event in Illinois, which took place several months after the 1995 ParaAmerica. USABA Aff. at ¶ 8; USABA Reply Aff. at ¶ 3. Thus Mr. Brown has not demonstrat-

ed that the USABA was licensed as a non-profit organization in Illinois at the time of the relevant events. Accordingly, the fact that the USABA is so licensed cannot serve as grounds for asserting "specific" jurisdiction over it. That the USABA became licensed in Illinois as a non-profit organization in order to hold a fundraiser also does not give rise to "general" jurisdiction over it, as Mr. Brown has not shown that these activities

jurisdiction over the USABA, TKA, and the ParaAmerica comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476, 105 S.Ct. at 2184. These defendants availed themselves of the benefits and protections afforded by Illinois *via* soliciting Illinois citizens to donate money to a ParaAmerica participant. Illinois has an interest in adjudicating a lawsuit arising out of such solicitation. Likewise, Mr. Brown, an Illinois citizen, has a substantial interest in having his lawsuit litigated in Illinois courts. Furthermore, it would not be unduly burdensome on defendants to litigate this action in Illinois. TKA organizes, supervises, and conducts bicycle tours throughout the United States, including Illinois, and other countries. The USABA is an Indiana corporation, has a director residing in Rock Island, Illinois, and held a fundraising event in Illinois. Under these circumstances, it is fair to require defendants to litigate this case in Illinois.

■ Thus exercising personal jurisdiction over the USABA, TKA, and the ParaAmerica satisfies the due process requirements of the U.S. Constitution. Consequently, asserting such jurisdiction also fulfills the due process guarantee of the Illinois Constitution. *See Chemical Waste Management*, 870 F.Supp. at 875.

■ The fact that I may assert personal jurisdiction over the USABA, TKA, and the ParaAmerica is not grounds for asserting jurisdiction over Timothy Kneeland. *See Berg v. Anderson*, No. 95 C 1664, 1995 WL 476671, *5 (N.D.Ill. Aug. 8, 1995). Mr. Brown does not allege facts or submit material that could serve as grounds for finding that Mr. Kneeland is the alter ego of TKA and therefore TKA's acts should be attributed to him. Mr. Brown also does not claim that Mr. Kneeland has maintained any personal connection to Illinois such as by conducting business in Illinois on his own behalf. Thus Mr. Kneeland's motion to dismiss is granted. *See id.* at *5–*8.

Tenet Healthcare Corporation ("Tenet") maintains that this court lacks personal jurisdiction over it as it was not a partner or joint venturer of any of the other defendants. Mr.

Brown's response brief states merely that he alleges that Tenet is a partner in the ParaAmerica. Tenet's motion to dismiss, p. 3, however, incorporates Mr. Kneeland's affidavit which attaches an exhibit that describes Tenet as the "sponsor" of the ParaAmerica. Kneeland Aff. at ¶ 5. Moreover, in his uncontradicted affidavit, Tenet's senior counsel asserts that Tenet was only a financial sponsor of the ParaAmerica, that it did not have an agreement with the other defendants to share in profits from the ParaAmerica, and that it did not participate in planning or approving plans for the bicycle tour. Accordingly, Tenet's motion to dismiss is granted.

Finally, the fact that exercising personal jurisdiction over the USABA, TKA, and the ParaAmerica is appropriate is basis for concluding under the venue statute that Mr. Brown properly sued these defendants in this district. *See* 28 U.S.C. § 1391(b)(1) & (c). The motions to dismiss filed by TKA, the USABA, and the ParaAmerica are, accordingly, denied.

constitute continuous and systematic general business contacts.