Margaret MILLER, Plaintiff,

v.

Barbara A. McMANN, Elmer Justice Realty, Inc., Kim Mackie, Maureen McFarlane, G.C.S. Land Co., William McNeal, Jr., William McNeal, Sr., The Prudential Ward and Associates, Joseph D. Lewis, Loretta H. Lewis, Julius A. Jodlbauer, O. Robert Lidums, Michael J. Scibinico, II, Jodlbauer, Lidums & Scibinico, P.A., Defendants.

No. CIV. A. 97–6258 (MLC).

United States District Court,
D. New Jersey.

March 17, 2000.

Jonas Singer, Wells, Singer, Rubin & Musulin, P.A., Mount Holly, NJ, for plaintiff.

Michelle L. Wilson, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., Cherry Hill, NJ, for Julius A.Jodlbauer, O. Robert Lidums, Michael J. Scibinico, II, Jodlbauer, Lidums & Scibinico, P.A., defendants.

## MEMORANDUM OPINION

COOPER, District Judge.

Plaintiff Margaret Miller ("Miller") alleges that she was defrauded out of a half-interest in certain real property located in Maryland when defendants Kim Mackie ("Mackie") and Maureen McFarlane ("McFarlane") traveled to her home in New Jersey and obtained her signature on a quitclaim deed. Miller alleges that defendants Julius A. Jodlbauer, Esq., O. Robert Lidums, Esq., Michael J. Scibinico, II, Esq., and Jodlbauer, Lidums & Scibinico, P.A (collectively the "Jodlbauer defendants"), who were located in Maryland, instructed Mackie and McFarlane to travel to New Jersey and to tell Miller that she did not have any financial interest in the property. This matter comes before the Court on a motion for summary judgment by the Jodlbauer defendants on the grounds that the Court lacks personal jurisdiction over them. For the reasons stated, the motion is denied.

## BACKGROUND

Defendants Julius A. Jodlbauer, Esq. ("Jodlbauer"), O. Robert Lidums, Esq. ("Lidums"), and Michael J. Scibinico, II, Esq. ("Scibinico") practiced law in the State of Maryland in 1994 as a partnership allegedly known as Jodlbauer, Lidums & Scibinico, P.A.[1] (Sec.Am.Compl.¶ 11.) The Jodlbauer defendants represented defendant G.C.S. Land Co. in connection with its purchase from defendant Barbara McMann ("McMann") of certain real property located in Maryland (the "property"). (Sec.Am.Compl.¶ 56.)

Plaintiff Margaret Miller alleges that the Jodlbauer defendants instructed real estate agents/defendants Kim Mackie and

---

1. The exact structure of the partnership is unclear from the record. The Jodlbauer defendants allege that Jodlbauer, Scibinico, and Lidums were not in partnership with one another but that Scibinico was in partnership with a corporation known as Jodlbauer & Lidums, P.C. (Answer to Sec. Am. Compl. ¶ 11; Defs.' Br. in Reply at 6.) There is evidence in the record that supports this contention. Scibinico testified that he was in partnership with a corporation known as "Jodlbauer & Lidums, P.A." (*See* Aff. of John A. Donnelly, Esq. dated 1–28–00 ("Donnelly Aff."), Ex. O: Dep. of Michael J. Scibinico, II, Esq. at 7–9.) Other evidence suggests that Jodlbauer and Lidums may not have formed a corporation. Jodlbauer testified that he and Lidums had been in partnership for years and that they later were in partnership with Scibinico; he also stated that while the relationship with Scibinico was not exactly structured as a partnership, the goal was that they would be partners. (*See* Donnelly Aff., Ex. M: Dep. of Julius A. Jodlbauer at 10.) We note that the Jodlbauer defendants have not submitted articles of incorporation or other documents demonstrating the relationship among the individual Jodlbauer defendants.

In light of our duty at this juncture to resolve factual disputes in favor of the non-moving party, we will assume for the purposes of this motion that Jodlbauer, Lidums, and Scibinico were individual partners in partnership with each other. We note, moreover, that it is not apparent to the Court that our jurisdiction over the Jodlbauer defendants would change if the relevant partnership consisted of Scibinico as a partner with Jodlbauer & Lidums, P.C.

Maureen McFarlane (1) to travel to New Jersey on August 27, 1994 to obtain plaintiff's signature on a quitclaim deed, and (2) to advise plaintiff that she had no financial interest in the property and that she would not lose any financial interest by signing the quitclaim deed. (Sec.Am.Compl.¶¶ 58, 59.) Miller, who was 83 years old at the time, signed the quit claim deed transferring any interest in the property to defendant McMann. (*See* Donnelly Aff. Ex. I: Dep. of Margaret Miller ("Miller Dep.") at 12, 87; Sec. Am. Compl. ¶ 27.) McMann later sold the property to defendant G.C.S. Land Co. for $109,000. (Sec.Am. Compl.¶ 34.) Miller alleges that the Jodlbauer defendants defrauded Miller of her one-half interest in the property. (*Id.* ¶¶ 18, 67.)

The Jodlbauer defendants argue that we should grant their motion for summary judgment because New Jersey lacks personal jurisdiction over them. (Defs.' Br. in Supp. at 6–15.) Plaintiff argues that the activities of the Jodlbauer defendants in preparing the quit claim deed and advising the real estate agents to travel to New Jersey constitute sufficient contacts with the forum to justify *in personam* jurisdiction. (Pl.'s Br. in Opp'n at 20.) In addition, plaintiff argues that she must establish *in personam* jurisdiction over only one of the Jodlbauer defendants to establish jurisdiction over all of them. (*Id.* at 17 n. 1.) The Jodlbauer defendants respond that plaintiff must demonstrate jurisdiction over each defendant individually. (Defs.' Br. in Reply at 6–7.)

### DISCUSSION

■ New Jersey's long-arm statute, New Jersey Civil Practice Rule 4:4–4, permits jurisdiction over a non-resident defendant to the "uttermost limits permitted by the United States Constitution." *Avdel Corp. v. Mecure*, 58 N.J. 264, 268, 277 A.2d 207 (1971). The Due Process Clause of the Fourteenth Amendment prevents a court from asserting personal jurisdiction over a defendant who does not have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436–37 (3d Cir.1987) (alteration in original) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The nature of the defendant's contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (citations omitted).

■ The plaintiff bears the burden of demonstrating that the defendant's contacts with the forum state are sufficient to give the court *in personam* jurisdiction. *See Apollo Techs. Corp. v. Centrosphere Indus. Corp.*, 805 F.Supp. 1157, 1182 (D.N.J.1992) (citations omitted). Prior to trial, a plaintiff need only make a prima facie showing of jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992) (citation omitted). A court must resolve all factual disputes created by affidavits and other evidence submitted by the parties in favor of the plaintiff.[2]

**2.** We note that a district court also has the discretion to take evidence at a preliminary hearing in order to resolve factual disputes. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977) (citations omitted); *LaRose v. Sponco Mfg., Inc.*, 712 F.Supp. 455, 457–58 (D.N.J.1989); Fed. R.Civ.P. 12(d). At a preliminary hearing, the plaintiff must establish the jurisdictional facts by a preponderance of the evidence. *Data Disc*, 557 F.2d at 1285. If the jurisdictional facts are intertwined with the merits, the district court may make the jurisdictional determination at trial "where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits." *Id.; see also Boit v. Gar–Tec Prods., Inc.*, 967 F.2d 671, 676 (1st Cir.1992) (noting that this practice also conserves scarce judicial resources). In the instant matter, the Court in its discretion will not conduct a

*See, e.g., Elbeco Inc. v. Estrella de Plato, Corp.,* 989 F.Supp. 669, 672 (E.D.Pa.1997).

A plaintiff may meet its burden by establishing that a court has either "specific" or "general" jurisdiction. *Provident Nat'l Bank,* 819 F.2d at 437. Specific jurisdiction is "invoked when the claim is related to or arises out of the defendant's contacts with the forum." *Dollar Sav. Bank v. First Sec. Bank,* 746 F.2d 208, 211 (3d Cir.1984) (citations omitted). General jurisdiction is invoked when the defendant has " 'continuous and systematic' contacts with the forum state." *Provident Nat'l Bank,* 819 F.2d at 437 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Plaintiff argues that this Court has specific jurisdiction over the Jodlbauer defendants. (*See* Pl.'s Br. in Opp'n at 17.)

■ The New Jersey Supreme Court has held that a defendant who directs a fraudulent communication to a plaintiff located in New Jersey has established sufficient contacts with the state to justify personal jurisdiction. *See Lebel v. Everglades Marina, Inc.,* 115 N.J. 317, 325–26, 558 A.2d 1252 (1989); *see also Vishay Intertech., Inc. v. Delta Int'l Corp.,* 696 F.2d 1062, 1066 (4th Cir.1982) ("Where defendant knowingly sends into a state a false statement, intending that it should then be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state.") (citation omitted). Plaintiff has set forth evidence that defendant Jodlbauer: (1) instructed McFarlane to travel to Trenton, New Jersey to discover the owner of an interest in the property, (*see* Donnelly Aff. Ex. J: Dep. of Maureen Doris McFarlane at 44), (2) instructed McFarlane to travel to plaintiff's home to obtain plaintiff's signature on the quitclaim deed, (*id.* at 82), (3) gave McFarlane the quitclaim deed for plaintiff to sign, (*id.* at 177), (4) told McFarlane to inform plaintiff that plaintiff had no monetary interest in the property, (*id.*), and (5) spoke with plaintiff via telephone while plaintiff was in her home with McFarlane and Mackie present. (*Id.* at 179.)

The Court finds that this evidence, read in the light most favorable to plaintiff as is required at this juncture, demonstrates that defendant Jodlbauer has contacts with New Jersey sufficient to establish personal jurisdiction. *See Lebel,* 115 N.J. at 325–26, 558 A.2d 1252; *see also Moore v. St. Paul Comp.,* Civ. A. No. 94–1329, 1995 WL 11187, at *7 (D.N.J. Jan.3, 1995) (holding that court had personal jurisdiction over defendant who made alleged misrepresentation in Minnesota because it was foreseeable that the defendant realized that the harm from the statement would occur in New Jersey).

The Court also finds that maintenance of the suit in New Jersey would not offend "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 320, 66 S.Ct. 154. Defendants "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The determination requires evaluation of such factors as "the burden on the defendant, the interests of the forum State, ... the plaintiff's interest in obtaining relief, ... the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

■ We find that the Jodlbauer defendants have not met their burden of demonstrating that jurisdiction would be unreasonable in light of the following: (1) there is no evidence of an inability by the Jodlbauer defendants either to travel to New

preliminary hearing. Plaintiff must, however, still prove the jurisdictional facts at trial by a preponderance of the evidence. *See Data Disc,* 557 F.2d at 1285–86 n. 2 (citations omitted).

Jersey or to present evidence that would have been available in Maryland, *cf. Lebel*, 115 N.J. at 329, 558 A.2d 1252; (2) plaintiff resides in New Jersey; and (3) New Jersey has an interest in protecting its residents from alleged fraud. Accordingly, the Court finds that this forum has jurisdiction over defendant Jodlbauer.

■ Jurisdiction over one partner confers jurisdiction over the partnership. *See Citibank, N.A. v. Estate of Simpson*, 290 N.J.Super. 519, 530–31, 676 A.2d 172 (App. Div.1996) (noting that if the partner whose conduct is the basis of the claim against the partnership were subject to service in the state, then service upon the partner would effect jurisdiction over the partnership); *see also Donatelli v. National Hockey League*, 893 F.2d 459, 466 (1st Cir.1990) ("The general rule is that jurisdiction over a partner confers jurisdiction over the partnership."). Accordingly, we find that our jurisdiction over Jodlbauer establishes jurisdiction over Jodlbauer, Lidums & Scibinico, P.A.[3]

Plaintiff argues that our jurisdiction over Jodlbauer and Jodlbauer, Lidums & Scibinico, P.A. confers jurisdiction over defendants Scibinico and Lidums. (Pl.'s Br. in Opp'n at 17 n. 17.) The Jodlbauer defendants argue that plaintiff must establish jurisdiction over each defendant individually. (Defs.' Br. in Reply at 6–7.) The Court has not discovered any New Jersey precedent addressing whether jurisdiction over a partner or the partnership establishes jurisdiction over all partners. Our task therefore is to predict how the New Jersey Supreme Court would decide the issue. *Polselli v. Nationwide Mut. Fire Ins.*, 126 F.3d 524, 528 n. 3 (3d Cir.1997).

We note that under New Jersey and Maryland law, a partner is an agent both of the partnership and the other partners. *See Eule v. Eule Motor Sales*, 34 N.J. 537, 542, 170 A.2d 241 (1961) ("[I]t is elementary that each partner is the agent of the other and of the partnership."); *Meleski v. Pinero Int'l Restaurant, Inc.*, 47 Md.App. 526, 424 A.2d 784, 793 (1981) (noting that "the relationship of co-partners, each to the other, is that of principal and agent").

In light of Jodlbauer being an agent of the partnership and his other partners, we find that Scibinico and Lidums are subject to jurisdiction in New Jersey through the contacts of Jodlbauer with the state. *See Jackson Nat'l Life Ins. v. Greycliff Partners, Ltd.*, 2 F.Supp.2d 1164, 1167 (E.D.Wis.1998) (applying New Jersey law) (finding that the commission of a tort by a partner in one jurisdiction subjects the other partners to personal jurisdiction because of the agency relationship of the partner to the other partners); *Durkin v. Shea*, 957 F.Supp. 1360, 1366 (S.D.N.Y. 1997) (finding that court had jurisdiction over nonresident partners of national law firm because the nonresident partners transacted business in the state through their agents, the resident partners).

We also note that the United States Court of Appeals for the Tenth Circuit, and several district courts, have held that jurisdiction over a partnership establishes jurisdiction over the partners. *See Intercontinental Leasing, Inc. v. Anderson*, 410 F.2d 303, 305 (10th Cir.1969) ("Through the instrumentality of the partnership, the individual partners availed themselves of the privilege of conducting business activities in Kansas.... This is enough to invoke the long-arm statute and subject them to personal jurisdiction.") (citation omitted); *Jackson Nat'l Life Ins.*, 2 F.Supp.2d at 1167; *Durkin*, 957 F.Supp. at 1366; *Brown v. 1995 Tenet ParaAmerica Bicycle Challenge*, 931 F.Supp. 592, 594 (N.D.Ill.1996); *Wolfson v. S&S Sec.*, 756 F.Supp. 374, 377–78 (N.D.Ill.1991); *Felicia, Ltd. v. Gulf American Barge, Ltd.*, 555 F.Supp. 801, 805–06 (N.D.Ill.1983).

---

**3.** We note without deciding that, if Jodlbauer was a shareholder of Jodlbauer & Lidums, P.C., which was in partnership with Scibinico, as the Jodlbauer defendants argue, Jo-dlbauer's actions directed to New Jersey would likely confer jurisdiction over the partnership based on Jodlbauer acting as an agent of the partnership.

It is true that the United States Court of Appeals for the Ninth Circuit held that jurisdiction over a partnership does not confer jurisdiction over the partners. *Sher v. Johnson,* 911 F.2d 1357, 1365–66 (9th Cir.1990). The ruling, however, rested on California law to the effect that a partner is not ordinarily an agent of the other partners. *Id.* at 1365–66. The instant matter therefore can be distinguished from *Sher* because under both New Jersey and Maryland law, a partner is an agent of the other partners. *See Durkin,* 957 F.Supp. at 1366 (distinguishing *Sher* by noting that under New York law, a partner is an agent of other partners). Accordingly, the Court finds that our jurisdiction over Jodlbauer and Jodlbauer, Lidums & Scibinico, P.A. confers jurisdiction over defendants Scibinico and Lidums.[4]

The Court has found that we have jurisdiction over all of the Jodlbauer defendants. The instant motion for summary judgment is therefore denied in its entirety.[5]

---

4. The Court notes that even if the Jodlbauer defendants are able to demonstrate conclusively that Jodlbauer, Lidums & Scibinico was a partnership consisting of Scibinico and the separate firm of Jodlbauer & Lidums, P.C., the effect of this business structure upon our jurisdiction over the individual Jodlbauer defendants has not been determined. We note, for instance, that our jurisdiction over Jodlbauer has been established on the basis of his own actions.

5. The Court notes that we cannot consider any exhibits attached to either briefs or statements of material facts because such exhibits are not part of the evidentiary record. *See, e.g.,* Fed.R.Civ.P. 56(c) ("judgment ... shall be rendered ... if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact...."). Under the Local Civil Rules, a brief is not filed on the docket, but instead is transmitted directly to chambers. *See* Local Civ. R. 7.1(c)(4). Affidavits and certifications, on the other hand, are docketed as part of the record in the case. For these reasons, any exhibits must be attached to an appropriate affidavit or attorney certification, which must be filed with the Clerk of the Court.

We note that the Jodlbauer defendants' failure to comply with this procedure did not affect the disposition of the instant motion.